40

In the Matter of the Arbitration between BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF TOWNS OF SHAWANGUNK, PLATTEKILL, GARDINER, NEWBURGH AND MONTGOMERY, Appellant, and A. E. MINSTEIN CONSTRUCTION Co., Respondent.

Third Department, December 2, 1960.

*G. R. Bartlett, Jr.,* for appellant.

*Donald H. McCann* for respondent.

REYNOLDS, J.   This is an appeal from an order of Special Term which directed the parties to proceed to arbitration for a ruling as to responsibility for delay under a construction contract. Appellant by notice of motion and petition had moved

for an order restraining an arbitration attempt as to this and other claims. The motion was granted except as to the portion outlined above.

The appellant school district on July 31, 1958 had entered into a contract with respondent for the construction of certain additions to the Wallkill High School. After the commencement of the work and on February 11, 1959 respondent wrote the architect claiming certain walls had been damaged by frost heave and requested an extension of completion time. No results were obtained and on May 5, 1959 respondent demanded that this claim among others be arbitrated before the American Arbitration Association.

The pertinent parts of the contract are as follows:

Article 18 of the Contract: "If the Contractor be delayed at any time in the progress of the work * * * unavoidable casualties or any causes beyond the contractor's control * * * or by any cause which the architect shall decide to justify the delay, then the time of completion shall be extended for such reasonable time as the Architect may decide."

Article 41, in part, further delineates the function of the architect: "The Architect shall, within a reasonable time, make decisions on all claims of the Owner or Contractor and on all other matters relating to the execution and progress of the work or the interpretation of the Contract Documents."

Since the architect did not respond to its request within 10 days or at any time thereafter, the contractor demanded that the claim be arbitrated. Under the last part of article 41:

"The Architect's decisions with respect to the following matters are subject to arbitration:

* * *

"(c) Any decision of the Architect with respect to delays and extension of time.

"If, however, the Architect fails to render a decision within 10 days after the parties have presented their evidence, either party may then demand arbitration."

The appellant, relying on the Appellate Division decision in *Matter of Board of Educ. (Heckler Elec. Co.)* (8 A D 2d 940), argued at Special Term that the subject matter involved was not, by the terms of the contract, open to arbitration and, alternatively, that the contractor failed to comply with subdivision 1 of section 3813 of the Education Law, which statute provides that a written verified claim be presented to the appellant within three months from the claim's accrual in an "action or special proceeding, for any cause whatever * * * relating to dis-

trict property or claim against the district, or involving its rights or interests ".

Subdivision 1 of section 3813 of the Education Law provides: " No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education, or any officer of a school district or board of education, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make any adjustment or payment thereof for thirty days after such presentment."

At the Appellate Division in the *Heckler* case (*supra*) on facts almost identical to the facts in the present case the court found that Heckler was obliged to comply with the requirements of subdivision 1 of section 3813 of the Education Law. The only distinction from the contract in the instant case was that in *Heckler* (*supra*) there was a clause which provided that it was made " pursuant to the provisions of the Education Law." In the present case Special Term in the opinion distinguished *Heckler* (*supra*) from this case on two grounds: (1) the claim passed on therein was considered as one for damages, whereas the present case involves solely a request for a completion time extension; (2) the contract there before the court did not provide for arbitration in the situation presented whereas the claim in the instant case is specifically made the subject of arbitration.

Following Special Term's decision herein the *Heckler* case (*supra*) reached the Court of Appeals, where the Appellate Division was affirmed on the applicability of subdivision 1 of section 3813 of the Education Law. (7 N Y 2d 476.) It noted that the applicability of subdivision 1 of section 3813 is the type of issue that should be passed upon by the courts and not by the arbitrators since it involves a condition precedent to the contractor's " very right to arbitration and the arbitrator's very jurisdiction." The court then held that the specific and broad language of subdivision 1 of section 3813, making it applicable to any " action or special proceeding ", mandates that the statute be a condition precedent in arbitration proceedings. Thus, " arbitration " is a " special proceeding " within the purview of subdivision 1 of section 3813.

The Court of Appeals further indicated that the parties could, within the terms of their contract render subdivision 1 of section 3813 inapplicable. "Nor does any provision of the particular contract before us indicate that section 3813 was not intended to be applicable to the present case" (p. 483).

This language must be construed as requiring an affirmative contractual provision specifically rendering subdivision 1 of section 3813 inapplicable. There was no such provision in the contract in the instant case and therefore subdivision 1 of section 3813 must be deemed applicable and a part of the contract.

In *Strauss* v. *Union Cent. Life Ins. Co.* (170 N. Y. 349, 356) the court held: "All contracts are made subject to any law prescribing their effect, or the conditions to be observed in their performance; and, hence, the statute is as much a part of the contract in question as if it had been actually written into it, or made a part of the stipulations." (See, also, *People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356, 361–362.)

It is contended that subdivision 1 of section 3813 does not apply to a request for an extension of completion time, but the statute applies to an action or special proceeding "for any cause whatever * * * relating to district property or claim against the district, or involving its rights or interests." It is further contended that *Heckler* (*supra*) can be distinguished as did Special Term below because a claim for damages was involved there. The clear broad language of subdivision 1 of section 3813 as well as its underlying purpose will not admit such a distinction and must apply to any cause whatever involving district property (*Todd* v. *Board of Educ. of City of Syracuse,* 272 App. Div. 618; *Schenker* v. *Village of Liberty,* 261 App. Div. 54; *Bush* v. *City of Jamestown,* 288 N. Y. 496; *Matter of Board of Educ. [Heckler Elec. Co.],* 7 N Y 2d 476, *supra*).

Our conclusion therefore is that in seeking an extension of completion time, respondent comes within the purview of subdivision 1 of section 3813. Its cause is "related to district property" and involves "rights and interests" of the Board of Education. Under the statute respondent should have presented its claim to the board within three months after its accrual which it failed to do.

The order should be reversed, with costs to appellant.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Order reversed, with costs to appellant.