Clare J. Hoyt, J.
Plaintiff has commenced an action to foreclose a public improvement lien for labor and materials allegedly-rendered and supplied on property of the defendant Board of Education of Central School District No. 2 of the Towns of Ramapo, Orangetown, Clarkstown and Haverstraw, Rockland County. Plaintiff, a subcontractor, claims it performed its services and supplied its materials pursuant to a contract with the defendant Edward Corning Company which had the prime contract with the defendant Board of Education. The complaint, in the usual form, seeks a foreclosure of the "lien, inter alia, and the payment thereof out of any money due defendant Edward Corning Company from the defendant Board of Education at the time of the filing of the lien.
The defendant Board of Education, in its answer as a separate and distinct affirmative defense, alleges that plaintiff failed to file a claim or demand pursuant to section 3813 of the Education Law, that the time to so file has expired and that the claim is thus barred. Plaintiff moves under subdivision (b) of rule 3211 of the Civil Practice Law and Rules for an order dismissing the defense.
The complaint alleges that the plaintiff duly filed with the treasurer and clerk of the Board of Education a notice of lien in accordance with the Lien Law. The Board of Education admits that a notice of lien was filed but reserves every objection as to form, substance, manner of filing and service.
Section 12 of the Lien Law prescribes the manner of filing and the contents of a notice of lien on a public improvement. It requires that notice of lien he filed within 30 days after completion of the work performed and materials furnished by the lienor and acceptance by the owner. Compliance with this sec *998 tion puts the owner on notice of the existence of the claim, its nature and amount.
In addition, section 18 of the Lien Law provides that a public improvements lien shall not continue for a longer period than six months from the time of filing the notice of lien unless an action is commenced to foreclose such lien within that time and a notice of pendency of such action is duly filed, or unless a court order is made continuing such lien. Thus, the owner receives notice of the filing of the lien and notice of the pendency of the action to foreclose the lien.
If the notice of lien is defective the owner may move to vacate it pursuant to section 21-a of the Lien Law or to discharge it on the grounds set forth in section 21 of the Lien Law.
The purpose of section 3813 of the Education Law is to apprise a school district of the existence of a claim against it and to give it an opportunity to adjust or pay such claim. The filing of a notice of lien accomplishes the same purpose and must be filed within the same time. To hold that compliance with section 3813 of the Education Law is a prerequisite to the commencement of an action to foreclose a mechanic’s lien on a public improvement, and that a notice thereunder, in addition to the notice of lien, must be served upon the defendant Board of Education would place an unnecessary burden upon the lienor. It would not afford the owner any more protection than is presently afforded under the Lien Law.
The motion is granted.