■　UNION FREE SCHOOL DISTRICT No. 6 OF THE TOWNS OF ISLIP AND SMITHTOWN et al., Petitioners, v. NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.— Proceeding under section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 5, 1973, which affirmed an order of the State Division of Human Rights, dated August 29, 1972, finding that petitioners had engaged in discriminatory practices. Proceeding dismissed on the merits and order of the Appeal Board confirmed, without costs. We are of the opinion that the determination that petitioners were guilty of discriminatory practices in the administration of their maternity leave policy was supported by substantial evidence (see *Matter of Union Free School Dist. No. 6 v. New York State Div. of Human Rights,* 43 A D 2d 31; *Matter of Board of Educ. of City of New York v. State Div. of Human Rights,* 42 A D 2d 854; *Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead v. New York State Div. of Human Rights,* 42 A D 2d 49). Petitioners have contended that the complainant's failure to comply with the notice provisions of subdivision 1 of section 3813 of the Education Law prior to the commencement of her proceeding before the respondent Division prevented the Division from obtaining the jurisdiction necessary to entertain her complaint. We disagree. The object of the proceeding before the Division was not to obtain money damages or make any claim against the property of petitioners. It was, instead, to enforce the complainant's right to return to her position five months earlier than she would be permitted to by petitioners and to preserve her rights to various fringe benefits. The award of money as back pay was a necessary concomitant of this, but. not the basis for the proceeding. Accordingly, we hold that subdivision 1 of section 3813 of the Education Law is inapplicable in cases such as this (see *Ruocco v. Doyle,* 38 A D 2d 132). Petitioners also claim that the Division's failure to comply with several time provisions contained in subdivision 2 and subdivision 4 (par. a) of section 297 of the Executive Law removed jurisdiction from the Division to act upon the complaint. We regard those provisions as directory in nature only and not such as impose any limitations upon the Division's authority (*Matter of Glen Cove Mun. Civ. Serv. Comm. v. Glen Cove Nat. Assn. for Advancement of Colored People,* 34 A D 2d 956). Latham, Gulotta, Christ and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs on constraint of *Matter of Board of Educ. of City of New York v. State Div. of Human Rights* (42 A D 2d 854).