In the Matter of ALICE GREY, Appellant, v BOARD OF EDUCATION OF HUDSON FALLS CENTRAL SCHOOL DISTRICT, Respondent.

In the Matter of HELEN HAMEL, Appellant, v BOARD OF EDUCATION OF HUDSON FALLS CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, January 26, 1978

362

### APPEARANCES OF COUNSEL

*Bernard F. Ashe (J. Michael Eadry* of counsel), for appellants.

*Caffry, Pontiff, Stewart, Rhodes & Judge (J. Lawrence Paltrowitz* of counsel), for respondent.

### OPINION OF THE COURT

LARKIN, J.

Each of the appellants was informed during March, 1976 of the abolition by respondent of certain teaching positions. Each was informed in writing on July 16, 1976 that her position had been abolished and that she would not be given preferred tenure status because her particular position was not within a special tenure area. Appellants commenced separate article 78 proceedings during late October or early November, 1976 seeking reinstatement and back salary. Special Term dismissed both proceedings on the ground that they were untimely under section 3813 of the Education Law. The judgments must be affirmed.

Subdivision 1 of section 3813 of the Education Law provides: "No action or special proceeding for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any

school district, board of education, board of cooperative educational services or any officer of a school district, board of education, or board of cooperative educational services, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment." Appellants do not contend that their article 78 proceedings were timely commenced under the statute, but rather argue that section 3813 of the Education Law does not apply to their cases.

■ Despite the broad language of the statute, not all actions and proceedings against the agencies and individuals therein specified are subject to its notice provisions. Where an action or proceeding is brought to vindicate a public interest rather than to seek enforcement of a private right or duty, the provisions of subdivision 1 of section 3813 are inapplicable *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, mot for rearg den 36 NY2d 807). These proceedings, however, are to seek enforcement of private, not public rights and, accordingly, this exception is inapplicable.

■ A second exception to section 3813, also relied upon by the Court of Appeals in the *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd. (supra)* case, arises when there are procedures set forth in a separate statute or contractual provision which either afford the school district notice similar to that contained in subdivision 1 of section 3813 or which waive compliance with its requirements *(id.* [notice provisions in the Human Rights Law]; *Newburgh Nursery v Board of Educ.,* 41 Misc 2d 997 [notice provisions in the Lien Law]; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85 [inconsistent contract grievance provisions]). No such separate notice provisions or contrary contractual provisions appear in this record and this second exception is also inapplicable.

■ Appellants, however, argue that there is a third exception to the requirements of section 3813. They argue, relying essentially upon two cases from the Appellate Division, Sec-

ond Department *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., supra,* affg 43 AD2d 749; *Ruocco v Doyle,* 38 AD2d 132), that because the primary relief they seek is equitable in nature, reinstatement, and because the monetary relief is merely incidental, the statute is inapplicable. While the *Ruocco* case is distinguishable in that there was no claim for monetary damage, the Second Department's decision in the *Islip* case does support the argument of the appellants as to a third exception. On this point we disagree with the Second Department.

*Todd v Board of Educ.* (272 App Div 618, affd without opn 297 NY 873), was an action by a group of teachers for a declaratory judgment that the appellant board had violated certain provisions of the Education Law regarding schedules and salaries. Incidental legal relief, arrears in salaries, was also sought. The Appellate Division, Fourth Department, in holding that the notice provisions of the predecessor statute to section 3813 of the Education Law were applicable, stated (p 621): "The form of this action, even were it truly cognizable as one in equity and for incidental law relief, is subject to those provisions". A clearer rejection of the appellants' present arguments could not be found. The Court of Appeals affirmed, without opinion, and we find no more recent authority by our highest court on this point.

We note that in the *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd. (supra)* case the Court of Appeals, although affirming the Appellate Division, Second Department, and finding that subdivision 1 of section 3813 of the Education Law was inapplicable, did not even mention the fact that the proceeding was primarily equitable in nature. The court, instead, relied upon the fact that the case fell within the two established exceptions to the strict applicablility of the statute: (1) public interest versus a solely private proceeding; and (2) the existence of alterntive notice provisions under the Human Rights Law. As such, we see no reason herein to depart from the general rule, derived from the broad language of subdivision 1 of section 3818 of the Education Law that an action or proceeding against a board of education or school district cannot be prosecuted unless a written verified notice of claim is filed within three months after the accrual of such claim *(Matter of Board of Educ. [Minstein Constr. Co.],* 12 AD2d 40).

The recognized equitable exception to other notice of claim provisions (see *Mazo v Town of Shawangunk,* 60 AD2d 734) is, in view of the difference in statutory language, not controlling here.

The judgments should be affirmed, without costs.

KANE, J. P., and MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgments affirmed, without costs.