Gr. Robert Witmer, J.
This is a proceeding on petition of several taxpayers of the respondent Central School District No. 1 of the Towns of Riga, Ogden, Chili and Sweden, Monroe County, New York, under article 78 of the Civil Practice Act for an order requiring the Board of Education of said district ‘1 to make such changes in the plans and specifications and to do such acts as may he necessary to meet the requirements of the Commissioner of Education for endorsing his approval thereon in connection with an addition to the high school of the District and in the meanwhile restraining them ” from submitting any alternate proposal to the voters.
It appears that on July 30,1956, the people of the district voted upon two propositions for a new school, submitted to them by the Board of Education. They approved the first proposition and disapproved the second. It further appears that the board had not secured the prior approval of the Commissioner of Education with respect to either of said propositions before they were submitted to the vote of the people. Accordingly, after the vote, the board submitted proposition No. 1 to the commissioner, and by letter of November 21, 1956, made a part of the petition herein as Schedule A, the commissioner’s office notified the board that, “ [i]t will not be possible for us to recommend the Commissioner’s approval of your plans dated August 28, 1956, for an addition to the high school building at Churchville unless provision is made for another physical education teaching station containing at least 48 by 66 clear floor space and the size of the present site at Churchville is increased.”
Petitioners in this proceeding assert that since receiving said letter the Board of Education have failed to take the necessary steps to meet the requirements specified in behalf of the commis *378 sioner in said letter, and petitioners seek an order requiring the board to proceed to comply with such requirements.
Preliminarily, respondent board assert that the proceeding must be dismissed because petitioners failed to present a notice of claim as provided in section 3813 of the Education Law, and in support of such assertion they cite Todd v. Board of Educ. (272 App. Div. 618, affd. 297 N. Y. 873). Said section and case, as well as the cases cited in the Todd case, requiring such notice, relate to claims against a district’s property or to demands for payment of money by a district, and are not applicable in this proceeding. The motion to dismiss the petition for failure to serve such a notice is therefore denied.
Turning to the petition the court assumes for the purpose hereof only, that the disputed allegations therein contained are true, to wit: (1) that the board have not been diligent in their efforts to satisfy the requirements of the Commissioner of Education, (2) that it is and mil be possible for the board to meet such requirements, and (3) that the board could satisfy such requirements and proceed with construction “ in less time and at less expense than ” by any alternative method or procedure.
Petitioners are confronted in this application with a practical obstacle. If the requested relief is to be granted, it must be done upon the theory that the election of July 30, 1956, constituted a mandate to the Board of Education, and that therefore the board must proceed in good faith to fulfill it. But the requirements expressed in behalf of the Commissioner of Education in the letter of November 21, with which the petitioners ask the board to comply, will require the expenditure of more money upon a plan different from that submitted to the people at the election. The board may not proceed with such proposed altered plans, site, and costs without submitting the same to a vote of the people. (See Education Law, §§ 1604,1709, 1804-1805.) Thus it is seen that the mandate of the people given in the vote of July 30 was only for the board to proceed upon the plans and site specified in proposition I. Since the Board of Education cannot proceed under such plans in the absence of the approval of the Commissioner of Education (see Education Law, § 408), and such approval has been expressly withheld, it is clear that this court cannot properly order the Board of Education to proceed under the plan approved by the voters.
Just what steps the Board of Education should take in the circumstances is a matter of judgment, which it is their prerogative to determine; and this court may not usurp the function of the board. The most that this court could direct is that the board proceed in good faith to perform the duties of their offices, but *379 such a directive would be too vague aud indefinite to help petitioners. Petitioners wish the court to go further and specify the manner in which the board shall act, but that, as stated above, this court may not do at this stage of events.
The petition is therefore dismissed. Submit order accordingly.