ANTHONY RUOCCO, Respondent, *v.* DONALD A. DOYLE et al., Constituting the Board of Education of Union Free School District No. 10, Commack, Towns of Huntington and Smithtown, Appellants.

Second Department, January 17, 1972.

*Gerald Casper* for appellants.

*Sarisohn, Thierman & Sarisohn* (*Walter G. Steindler* of counsel), for respondent.

SHAPIRO, J.   The plaintiff, a school principal with tenure, employed by the defendant Board of Education, alleges in his complaint that on or about March 13, 1969 the defendant through one Ross Headly engaged in fraud, duress and deceit which caused the plaintiff to execute a written resignation, to take effect on September 1, 1971.   The improper conduct is alleged to include threatening to deny the plaintiff's application for sabbatical leave for the 1969–1970 school year " wrongfully and arbitrarily   *   *   *   thereby subjecting Plaintiff to economic loss and loss of opportunity for professional advancement "; false accusation; false and misleading statements; and falsification of official records and documents.   The complaint also alleges that on or about September 17, 1970 the plaintiff notified the then Superintendent of Schools, William Kochnower, of his withdrawal of the resignation; and it further states that the resignation was never officially communicated to the defendant

board and was never entered upon its minutes. The complaint continues that after the plaintiff withdrew his resignation he was advised by the chairman of the defendant board, and by its attorney, that he would not be rehired for the 1971–1972 school year because of his resignation and his acceptance of a sabbatical leave. Finally, it is alleged that this will deprive him of his tenure rights and make it impossible for him to enforce his rights until after the school year will have started, thus subjecting him to "financial deprivation and extreme mental anguish" unless a determination is made of his rights by the court by means of a declaratory judgment that his purported resignation is null and void.

The defendant's motion to dismiss the complaint on the ground that the plaintiff did not file a notice of claim as required by subdivision 1 of section 3813 of the Education Law was denied. That statute provides: " No action or special proceeding, for any cause   *   *   *   relating to [school] district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education, or any officer of a school district or board of education, unless it shall appear   *   *   *   as an allegation in the complaint   *   *   *   that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment " (bracketed word supplied).

In appealing from the order denying its motion to dismiss the complaint the school board contends that the plaintiff's prayer for a declaration of his tenure rights is " an obvious request for damages in addition to the equitable relief sought." It argues that section 3813 of the Education Law is all-encompassing. In doing so it stresses the opening phrase of the section that no action involving the " rights or interests " of the school district may be maintained unless a verified notice of claim is served and pleaded, but it ignores the last lines of the section, which deal with the " accrual of such claim " and with the neglect or refusal of the officer or body " having the power to adjust or pay said claim " to make such payment or adjustment within 30 days after presentment of the notice of claim. It is the latter language that is the foundation stone for the decisions which have held that the requirements of section 3813 are applicable only to claims against a district's property or to demands for payment of money by a district

and are not otherwise applicable (*Levert* v. *Central School Dist. No. 6, Town of Huntington*, 24 Misc 2d 832; *Matter of Randall* v. *Hoff*, 4 Misc 2d 376). We agree with the rationale of those decisions.

Decisions under a like statute, section 50-e of the General Municipal Law, and under similar provisions of city charters, lend support to our conclusion (*Fontana* v. *Town of Hempstead*, 18 A D 2d 1084, affd. 13 N Y 2d 1134; *Sammons* v. *City of Gloversville*, 175 N. Y. 346; *Grant* v. *Town of Kirkland*, 10 A D 2d 474).

The purpose of such notice of claim statutes is " ' to protect municipalities against fraudulent and stale claims for injuries to person and property  *  *  *  to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still '' fresh '' ' '' (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach*, 301 N. Y. 233, 236). The plaintiff's complaint makes no claim for money damages; rather the issue is the validity of the plaintiff's resignation and of his claim to tenure in his position as a school principal. Thus, since his action does not involve a claim for monetary damages but only for a declaration of his status as a tenured nonresigned employee, the service of a notice of claim pursuant to section 3813 of the Education Law is not a condition precedent to the institution or maintenance of the action. In *Sammons* v. *City of Gloversville* (*supra*, p. 350) the notice of claim provision read: " ' all claims for injuries to the person, alleged to have been caused or sustained by reason of defects, want of repairs, or obstruction of any of the highways, streets, alleys, sidewalks, or crosswalks of the city *and all claims for damages alleged to have occurred by reason of the wrongful act, or neglect of the city*, or any of its officers, agents or employees, shall be presented in writing to the common council within three months after the date of the alleged injuries. Such writing shall state the time, place, cause, nature and extent of the alleged injuries, or damages, so far as practicable, and shall be verified ' '' (emphasis supplied).

In answering the contention of the City of Gloversville that the action could not be maintained because a notice of claim had not been served, the court said (pp. 350–351) : '' The argument is, in substance, that this provision is general in its command that all claims for damages based on municipal wrongdoing, or neglect, must be presented as the statute directs, under the penalty of an action being barred by reason of the omission, and that its application must be made, as well, to the case of

such a continuing injury, or damage, as is now complained of, as to ordinary cases of injuries to the person, or to property, caused by defective conditions in the municipal streets and other properties, or by some negligent act of a municipal officer, or agent. This is not our reading of the charter. \* \* \* Such an interpretation as the plaintiff [sic] contends for would result in the limitation upon the bringing of an action for damages against the city, operating to bar a recovery for damages, except for such as were shown to have been suffered within three months of the commencement of the action. *The short statute of limitations could not have been intended to bar actions for equitable relief against acts constituting invasions of property rights and of a continuing, and damaging, nature* " (emphasis supplied).

In *Fontana* v. *Town of Hempstead* (*supra*, p. 1084) this court, in reversing the denial of the plaintiffs' motion to strike out as insufficient a defense pleaded by the defendant town in an action for injunctive relief against the maintenance by the town of a sewer line installed upon property allegedly owned by the plaintiffs, said: " It is well established that compliance with the notice of claim requirements of section 50-e of the General Municipal Law and section 67 of the Town Law is not necessary where, as here, the action is brought in equity to restrain a continuing act and where a demand for money damages is merely incidental to the requested injunctive relief (*Grant* v. *Town of Kirkland,* 10 A D 2d 474; cf. *Sammons* v. *City of Gloversville,* 175 N. Y. 346)." (See, also, *Accredited Demolition Constr. Corp.* v. *City of Yonkers,* 37 A D 2d 708.)

The appellants' reliance on *Thomann* v. *City of Rochester* (256 N. Y. 165) is misplaced. In that case the Court of Appeals specifically based its ruling upholding the notice requirement on the fact that the Rochester charter provision was so broadly worded that it expressly and affirmatively extended to all claims against the city whether the wrongs were intermittent or continuing and whether the remedy invoked was at law or in equity. The charter provision there (see pp. 168–169) read: " Claims for damages; place of trial of actions and proceedings. All claims against the city for damages or injuries to person or property, *invasions of personal or property rights of every name and nature whatsoever, whether casual or continuing,* continuing and continuous trespasses, continuing and continuous invasions of property, continuing and continuous invasions of property rights, *and all other claims for damages or injuries to persons or property, arising at law or in equity, and enforceable or sought to be enforced at law or in equity,* alleged to

have been caused or sustained in whole or in part by or because of any misfeasance, nonfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of the city or any of its agents, officers or employees, must be presented to the common council and the corporation counsel, in writing, within thirty days after such damages, or injuries to persons or property were sustained. Such writing must state the time when, the place where and the circumstances under which the damages or injuries were sustained and the particular cause thereof * * * all such claims must be verified by the oath of the claimants * * * This section applies to claims of infants and all other persons '' (emphasis supplied).

Upholding the notice requirement but reaffirming the position it took in *Sammons,* the court in *Thomann* said (*supra,* pp. 169–170): '' If words so comprehensive do not reach the claim in suit, one is at a loss to imagine how any form of words would be sufficient to include it. Our ruling in *Sammons* v. *City of Gloversville* (175 N. Y. 346) is in no wise to the contrary. We held of the statute there before us that it excluded causes of action for continuing wrongs and remedies in equity with damages merely incidental.''

The order denying the motion to dismiss the complaint made solely on the ground that the plaintiff had failed to file a notice of claim as required by section 3813 of the Education Law should therefore be affirmed, without costs.

MUNDER, Acting P. J. (dissenting). It is my view that the broad language of subdivision 1 of section 3813 of the Education Law makes it applicable to this action for a declaratory judgment. That statute provides, in pertinent part, that '' *no* action or special proceeding, *for any cause whatever,* except as hereinafter provided, relating to district property or claim against the district, *or involving its rights or interests,*'' shall be maintained unless a written verified claim is presented within three months after accrual and the officer or body having the power to '' adjust or pay '' such claim has neglected to do so for 30 days (emphasis mine).

The majority points to cases such as *Levert* v. *Central School Dist. No. 6, Town of Huntington* (24 Misc 2d 832) and *Matter of Randall* v. *Hoff* (4 Misc 2d 376) as authority for holding that subdivision 1 of section 3813 applies *only* to claims against a district's property or for payment of money and thus is not applicable to this action for a declaration of the plaintiff's status. I do not agree and I think an analysis of *Levert* and *Randall* will show that such a restriction on the applicability of the statute was not necessary to the determinations there made.

In *Levert,* the plaintiff was a taxpayer in the defendant school district who brought the action for a judgment declaring that the defendant was violating section 1805 of the Education Law in transferring or transporting pupils in grades below the seventh from his district to another without the approval of the legal voters of his district. In *Randall,* the petitioners were several taxpayers in the subject school district who sought an order requiring the defendant Board of Education to meet certain requirements which had been set by the Commissioner of Education as conditions for the construction of an addition to the local high school. In both cases, the failure to give the notice of claim required by subdivision 1 of section 3813 was held not to be a bar and I would agree with those holdings. Those cases were tantamount to class actions, brought by taxpayers who claimed the school board members were not complying with some statutory or other requirement. The action at bar, however, is brought by an individual employee of the defendant board and his claim is one which can be adjusted. The action clearly involves the rights or interests of the board and it matters not that it is presented in the form of an action for declaratory judgment.

An examination of *Todd* v. *Board of Educ. of City of Syracuse* (272 App. Div. 618, affd. 297 N. Y. 873) and *Matter of Board of Educ. of Cent. School Dist. No. 1 (Minstein Constr. Co.)* (12 A D 2d 40) would be helpful here. These cases illustrate that if the claim asserted is a personal one, i.e., one asserted by an individual or group of individuals by reason of their dealings with a district or board, as opposed to a claim asserted by someone on behalf of a class, then subdivision 1 of section 3813 is applicable and it matters not that the relief demanded is equitable in nature.

The *Todd* case was an action by 46 school teachers to obtain a judgment declaring that the defendant Board of Education had violated the Education Law by failing to adopt schedules which would have provided for fixed minimum and maximum salaries, for annual increments and for incidental legal relief. The defendant moved to dismiss the complaint for failure to allege the timely service of a written verified claim as required by section 858-a of the Education Law, the predecessor to the present section 3813. The motion was denied. The Appellate Division reversed the order and granted the motion. It expressed the view that the action was essentially one at law and that the failure to present a verified claim within the three months allowed by section 858-a was fatal to the action. It cited *Thomann* v. *City of Rochester* (256 N. Y. 165), one of the cases

the majority here would distinguish, as some authority for the dismissal.

Significantly, however, it said (p. 621), "The form of this action, even were it truly cognizable as one in equity and for incidental law relief, is subject to those provisions. (*Schenker* v. *Village of Liberty*, 261 App. Div. 54; *Bush* v. *City of Jamestown*, 288 N. Y. 496.)" The Court of Appeals affirmed the dismissal in *Todd* without opinion (297 N. Y. 873).

*Matter of Board of Educ. of Cent. School Dist. No. 1 (Minstein Constr. Co.)* (*supra*) arose out of a claim by a contractor that certain walls at the construction site had been damaged by frost, thereby causing delays, and a request by the contractor for an extension of completion time. The defendant board resisted any attempt to arbitrate the matter on the ground that the contractor had failed to comply with section 3813. In upholding the board, the court commented as follows (p. 43): " It is contended that subdivision 1 of section 3813 does not apply to a request for an extension of completion time, but the statute applies to an action or special proceeding ' for any cause whatever * * * relating to district property or claim against the district, or involving its rights or interests.' It is further contended that *Heckler* (*supra*) [7 N Y 2d 476] can be distinguished as did Special Term below because a claim for damages was involved there. The clear broad language of subdivision 1 of section 3813 as well as its underlying purpose will not admit such a distinction and must apply to any cause whatever involving district property."

I do not read these cases as requiring the restrictive interpretation upon subdivision 1 of section 3813 pressed by the majority. The action at bar is clearly one involving the district's rights or interests. Certainly the retention of any teacher or principal on the faculty or supervisory staff vitally affects the district's rights or interests. The claim asserted is one that is capable of being " adjusted ", i.e., settled or resolved (Webster's Third New International Dictionary [Unabridged]).

I do not find the other cases cited by the majority to be really in point. For instance, *Sammons* v. *City of Gloversville* (175 N. Y. 346) involved a provision of the defendant city's charter; not section 3813. More important, it was specifically held in *Schenker* v. *Village of Liberty* (261 App. Div. 54, affd. 289 N. Y. 788) that *Sammons* could not be relied upon where the statute requiring timely service of a written claim was all inclusive, and that this was so even though the relief sought in *Schenker* was equitable in nature. Similarly, the cases involving section 50-e of the General Municipal Law are inapposite because that

section by its very language is limited in scope (tort actions). There is no such limitation in the statute under consideration here.

For these reasons, I must dissent and vote to reverse the order and grant the motion to dismiss the complaint.

MARTUSCELLO, LATHAM and GULOTTA, JJ., concur with SHAPIRO, J.; MUNDER, Acting P. J., dissents and votes to reverse the order and grant the motion to dismiss the complaint, with an opinion.

Order of the Supreme Court, Suffolk County, dated June 22, 1971, affirmed, without costs. Defendant's time to answer the complaint is extended until 20 days after entry of the order to be made hereon.