■ IRIS DONOVAN, Respondent, v HUBERT DONOVAN, Appellant.—In an action for divorce, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, dated November 2, 1977, as, in granting his motion for leave to serve a counterclaim, enjoined him from proceeding on the counterclaim at the trial of the divorce action, unless he paid to the plaintiff on or prior to November 10, 1977 all arrears due under the court's order dated April 4, 1977; and (2) from a further order of the same court, dated November 23, 1977, which denied his motion for reargument. Appeal from order dated November 23, 1977 dismissed. No appeal lies from an order denying reargument. Order dated November 2, 1977 affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. The condition imposed constituted a proper exercise of discretion (see *Larsen v Larsen*, 9 AD2d 896). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.

■ PETER C. FLANAGAN, Respondent, v BOARD OF EDUCATION, COMMACK UNION FREE SCHOOL DISTRICT, Appellant.—In an action upon a contract of employment, in which plaintiff seeks, *inter alia,* a money judgment for unpaid salary from the date of his termination and reinstatement to his position as an elementary school principal in the Commack Union Free School District, defendant appeals from an order of the Supreme Court, Suffolk County, dated August 29, 1977, which denied its cross motion for summary judgment and, on plaintiff's motion for summary judgment, *inter alia,* determined that plaintiff was entitled to be employed from the date of the order for the remaining term of his contract. Order reversed, on the law, without costs or disbursements, plaintiff's motion denied and cross motion granted. It is undisputed that plaintiff failed to file a written notice of claim as required by subdivision 1 of section 3813 of the Education Law. Since the complaint seeks damages as well as equitable relief, the claim is not primarily equitable in nature and a notice of claim was a condition precedent to the commencement of this action (see *Ruocco v Doyle*, 38 AD2d 132). On this record, we do not find such facts as would establish either that defendant waived the notice requirement or was estopped from asserting it. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.