■ In the Matter of JOSEPH CORDANI, Appellant, v BOARD OF EDUCATION OF THE HEMPSTEAD SCHOOL DISTRICT No. 1 et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to his position as a probationary music teacher, with back pay, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated June 19, 1978, which dismissed the proceeding as untimely. Judgment reversed, without costs or disbursements, and proceeding remanded to the Special Term for a determination on the merits. Petitioner, a probationary teacher of music in Hempstead School District No. 1, was dismissed from his position effective June 30, 1977, pursuant to a determination of the respondent board of education made June 23, 1977. On August 23, 1977 petitioner presented a written verified notice of claim upon the respondent board pursuant to section 3813 of the Education Law. On November 28, 1977 petitioner commenced the instant CPLR article 78 proceeding. In his petition, he alleged service of the notice of claim and argued that the termination of his employment violated his statutory and contractual rights. In his prayer for relief, petitioner requested reinstatement to his position as a probationary music teacher retroactive to June 30, 1977, together with back pay. As an affirmative defense, the respondents argued that the proceeding was untimely since it was instituted in November, 1977, more than four months from the date the board voted to terminate petitioner's employment, thereby running afoul of CPLR 217. The Special Term accepted this defense and dismissed the proceeding as time-barred under the four-month Statute of Limitations of CPLR 217, since the proceeding was commenced more than four months from the effective date of termination, i.e., June 30, 1977. We disagree with the decision of Special Term and hold that the proceeding was timely. The proceeding herein is one

seeking enforcement of a private, not a public, right. Specifically, petitioner seeks monetary relief as well as the equitable relief of reinstatement. Accordingly, the service of a notice of claim pursuant to section 3813 of the Education Law was mandatory (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, mot for rearg den 36 NY2d 807; *Flanagan v Board of Educ.,* 63 AD2d 1013; *Matter of Grey v Board of Educ.,* 60 AD2d 361; *Todd v Board of Educ.,* 272 App Div 618, affd 297 NY 873; *Matter of Lindsey v Board of Educ.,* 64 AD2d 856; cf. *Ruocco v Doyle,* 38 AD2d 132, where no claim for monetary damages was made). Section 3813 of the Education Law, with which petitioner concededly complied, provides: "1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property * * * or claim against the district * * * or involving the rights or interests of any district * * * shall be prosecuted or maintained against any school district, board of education * * * or any officer of a school district [or], board of education * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment." Pursuant to the terms of this statute, 30 days must pass after service of the notice of claim before an action may be commenced and, under those circumstances, the Statute of Limitations is enlarged by an identical 30-day period (see *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027). The four-month Statute of Limitations in the case at bar ran from the date respondents' determination became effective, i.e., June 30, 1977 (see CPLR 217; *Matter of Wininger v Williamson,* 46 AD2d 689) and the time to commence this proceeding was accordingly extended from October 30, 1977 (i.e., four months after June 30, 1977) for another 30 days to November 30, 1977. Since the instant proceeding was commenced prior to November 30, 1977, it was timely and should not have been dismissed. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.