■ In the Matter of BOARD OF EDUCATION OF THE WALLKILL CENTRAL SCHOOL DISTRICT, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 13, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the Commissioner of Education of the State of New York. In 1969 respondent Smith was granted tenure as a driver education teacher in the Wallkill Central School District (Wallkill). Thereafter, he accepted a one-year contract as assistant high school principal from July 1, 1974 to June 30, 1975. On July 2, 1975 Smith was notified that his position as assistant principal was terminated. After remaining unemployed for a year Smith requested reinstatement as a high school English teacher effective September 1, 1976. He was advised that his tenure rights had been forfeited because he had accepted the administrative position of assistant principal. On September 30, 1976 Smith commenced a proceeding before the Commissioner of Education (Commissioner) seeking reinstatement to a teaching position in the general secondary area at Wallkill (Education Law, § 310). The Commissioner, on February 7, 1977, held that Smith was only tenured in driver education and, further, that driver education had been established as a special tenure area by Wallkill. On July 9, 1977 Smith submitted an application to the Commissioner for reopening and reconsideration alleging misapprehension of the facts together with submission of new evidence related to the issue of tenure area. Thereafter, on September 8, 1977, the Commissioner granted the application to reopen, reversed his earlier finding and declared driver education not to be a separate tenure area at Wallkill. The Commissioner also awarded Smith retroactive salary to January, 1976, the date Smith contends an English teaching position was available. Petitioner Wallkill initiated a CPLR article 78 proceeding to annul the Commissioner's determination. Special Term affirmed the propriety of the Commissioner's decision to reopen the case and reverse the earlier ruling.

This appeal ensued. Wallkill contends (1) that the application to reopen was untimely, (2) that Smith, as an instructor in driver education, had tenure within a special area, (3) that section 3813 of the Education Law bars award of retroactive pay, and (4) that the Commissioner acted arbitrarily and capriciously. These contentions shall be treated serially. Any party to an appeal taken to the Commissioner may apply for a reopening of the Commissioner's determination within 30 days (8 NYCRR 276.7 [a]). Such application will not be granted in the absence of a showing that the Commissioner's original decision was rendered under a misapprehension as to the facts or that there is new and material evidence which was not available at the time of the original decision. The Commissioner may also reopen a prior decision on his own motion when, in his judgment, the interests of justice so require. Here, respondent Commissioner reopened the proceedings on the ground of "interests of justice" (8 NYCRR 276.7 [c]), i.e., on his own motion, but only after construing the regulation (8 NYCRR 276.7 [a]) in a manner that permits the exercise of discretion so as to excuse delay in making application to reopen. The construction of statutes and regulations by the agency responsible for their administration should be upheld if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434). In the initial appeal to the Commissioner, Smith properly alleged that his tenure area included high school English. The school district denied this assertion but it did not allege that Smith was unqualified to teach English because his special tenure area was driver education. Rather, it rested its case on the contention that Smith had lost tenure by accepting an administrative position. Since this contention was erroneous, we cannot say the Commissioner abused his discretion in deciding to reopen the matter because of a misapprehension of fact. Next, while driver education is a subject which may be treated as a special tenure area (Matter of Mitchell v Board of Educ., 40 NY2d 904; 8 NYCRR 30.8 [a] [3]), and thus exclude those possessed of only that status from moving either horizontally or vertically into other teaching areas with tenure, such special tenure must be established affirmatively by the school district so as to inform teachers of that fact. Here, the Commissioner found that Wallkill had not so acted with respect to teachers of driver education. In fact, that determination was compelled by the offer of Wallkill to another driver education teacher to transfer to a position in the general secondary tenure area for the 1976-1977 school year. Accordingly, we conclude that the Commissioner's decision that no special tenure area for driver education existed at Wallkill was neither arbitrary nor capricious. Further, since other staff appointments made during the time in question were ambiguous with respect to tenure areas, we cannot say that the Commissioner's determination with respect to tenure was irrational and not supported by substantial evidence (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 182; Matter of Pell v Board of Educ., 34 NY2d 222, 231). Petitioner Wallkill's final contention that respondent Smith's claim is barred by the notice provisions of section 3813 of the Education Law is without merit. While it is true that compliance with the notice provisions of section 3813 is deemed a condition precedent to bringing an action for private damages (Board of Educ. v New York State Div. of Human Rights, 44 NY2d 902), a defect in the mechanics of notice or noncompliance therewith, even if not considered below, can be appellately reviewed (Matter of Lindsey v Board of Educ., 64 AD2d 856), and if the factual pattern falls into a recognized exception, noncompliance with the notice provisions of section 3813 may be excused (Matter of Grey v Board of Educ., 60 AD2d 361; Ruocco v Doyle, 38 AD2d 132). The Court of

Appeals has recognized that parallel notice provisions of other statutes may substitute for section 3813 written notice *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371). Since the purpose of the written notice requirement of section 3813 is to give a school district prompt notice of claim " 'so that investigation may be made before it is too late for investigation to be efficient' " *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 289), it hardly can be denied that such purpose was achieved when Smith served his notice of appeal and supporting papers on both the school district and the Commissioner, within three months from the date of the accrual of the claim, in connection with his section 310 appeal. Therefore, we conclude that since parallel statutory notice was served upon the school district within the time restraints of section 3813, albeit in another proceeding, the purpose of the notice requirement has been met. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.