OPINION OF THE COURT
Vincent R. Balletta, J.
This is an action in which the plaintiff, a tenured teacher within the defendant Oceanside public school system, seeks to recover her full salary for the year from September 1, 1974 through August 31, 1975. It is conceded that the plaintiff did not teach during said school year and that she was not paid for any portion of said school year by the defendant.
The matter was submitted to the court upon the following stipulated facts:
1. At all times hereinafter set forth and under consideration plaintiff Therese H. Kontos was a tenured teacher in the employ of the defendant board of education.
2. On April 1, 1974 plaintiff informed defendant that she would be absent from school for that day. On April 2, 1974 plaintiff without any notice to the district, did not appear for class. On April 10th, the district received a letter from the plaintiff stating that she had gone to Greece to see her doctor.
3. Plaintiff was in fact absent on April 2, 3 and 4, 1974, departing for Greece on April 2, 1974.
4. The Easter vacation in the Oceaside School District commenced on April 5 and continued until April 15, when school reopened.
5. On April 17, 1974 plaintiff communicated with the school district and informed the school district that she was in Greece suffering from a recurrence of a back injury and expected to enter the hospital the next day; there was at this time no application made to the district for any leave of absence.
6. Plaintiff did not enter the hospital until on or about May 27, 1974 and stayed in the hospital for approximately five days.
7. On or about May 7, 1974 Mr. James M. Vinicombe, Jr., *55 executive director-business administration and personnel, sent a letter to plaintiff informing her that the board of education had taken the position that plaintiff had abandoned her position and was no longer an employee of the Oceanside School District.
8. On or about May 12, 1974 Mrs. Kontos sent a cablegram to the defendant stating that she had not vacated her position.
9. On or about June 24, 1974 Mr. Vinicombe again wrote to plaintiff stating that the defendant considers her as having abandoned her position and that a replacement for her had been hired.
10. On or about August 30, 1974 Mrs. Kontos communicated with the school board, in which she stated that she had not abandoned her position and requesting a leave of absence without pay for the purposes of restoration of health. The school district received this letter during the first day of September, 1974-1975 school term after class had commenced that day without the presence of Mrs. Kontos and without any other notice to the district as to her whereabouts.
11. A sick leave without pay is a discretionary act by the respondent.
12. On or about October 7, 1974 Mr. Vinicombe informed plaintiff that her request for leave of absence for restoration of health had been denied because she had abandoned her position and was no longer an employee of the defendant school district.
13. At the hearing referred to in paragraph 16, Mr. Vinicombe testified under oath that in October, 1974, the date of his letter to Mrs. Kontos, the school board had, in fact, not officially acted on her request for a leave of absence without pay.
14. In 1975 Mrs. Kontos commenced a proceeding pursuant to CPLR article 78 challenging the actions of the defendant board of education in having ruled that she had abandoned her position.
15. On or about June 19, 1975 a decision was rendered by Mr. Justice Niehoff of the Supreme Court, Nassau County, sustaining the petition and holding that Mrs. Kontos had not abandoned her position and that she was entitled to a hearing pursuant to the provisions of section 3020-a of the New York State Education Law.
16. On or about November 11, 1975 formal charges against *56 Mrs. Kontos were filed by the Oceanside Board of Education and a hearing was held pursuant to section 3020-a of the Education Law.
17. A hearing panel found Mrs. Kontos not guilty of five of the specifications and guilty of two, and recommended a suspension without pay for 90 days.
18. The board of education found Mrs. Kontos guilty of some of the specifications and terminated her services (59 AD2d 1064).
19. The Appellate Division, Second Judicial Department, sustained the actions of the defendant school board in terminating Mrs. Kontos’ services.
In her complaint, the plaintiff alleges that she was wrongfully discharged by the defendant school board without affording her the right to a hearing pursuant to section 3020-a of the Education Law, and that the actions of the defendant were illegal, arbitrary, and capricious.
In answering the complaint, the defendant denies any wrongdoing and sets forth several affirmative defenses, including one alleging that the plaintiff has not complied with the notice of claim requirements of section 3813 of the Education Law, and that accordingly, this action may not be maintained.
Subdivision 1 of section 3813 of the Education Law states: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services, school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or any officer of a school district, board of education, board of cooperative educational services, or school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, *57 and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.”
Compliance with provisions of subdivision 1 of section 3813 of the Education Law is a condition precedent which must be complied with for a plaintiff to maintain an action. (Flanagan v Board of Educ., 63 AD2d 1013; Ruocco v Doyle, 38 AD2d 132.)
In the instant case, plaintiff individually seeks money damages from the defendant school district and she is not asserting a public right or interest so as to remove her claim from the requirements of subdivision 1 of section 3813 of the Education Law. (Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Bd., 35 NY2d 371.) It is clear that in any event the plaintiff’s claim in this action accrued no later than August 31, 1975, the close of the defendant’s school year. The instant complaint is barren with respect to the requisite allegation that a written verified claim was presented within the three-month time limitation.
It is clear therefore that in this action, in which the plaintiff seeks to enforce a private right against the funds of the school district, the plaintiff must comply with the condition precedent required by subdivision 1 of section 3813 of the Education Law, and since she has failed to do this, the complaint must be dismissed and judgment rendered in favor of the defendant.
The court notes in passing that the defendant asserts that the case of Matter of Schlosser v Board of Educ. (47 NY2d 811) stands for the proposition that a defense founded upon section 3813 of the Education Law must be raised at the commencement of the proceeding and "not at the time of trial”. However, a careful reading of Schlosser (supra) clearly shows that the case stands for the proposition that an objection pursuant to subdivision 1 of section 3813 of the Education Law would be waived if it is not asserted before the court of original jurisdiction. Here, the defendant’s affirmative defense is being raised before this court of original jurisdiction, and furthermore, in any event, by raising it as an affirmative defense, the matter was raised at the commencement of the proceeding, and the defendant will therefore not be held to have waived such defense.