■ In the Matter of Roy Bloom, Appellant, v Board of Cooperative Educational Services of Nassau County et al., Respondents. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel the respondent Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) to reinstate petitioner as a full-time teacher, *nunc pro tunc,* as of June 30, 1981, petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered May 3, 1982, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing in accordance herewith. The issue presented herein involves a question of tenure rights within the context of a vocational education program. Petitioner Roy Bloom was a tenured teacher employed by BOCES in its occupational education program since approximately September 1, 1970, serving in the tenure area designated as "electronic occupations — trade subject" (hereinafter trade electronics). Respondent Vincent Stigliano, a tenured teacher working for BOCES, was appointed to serve in the trade electronics tenure area on approximately September 1, 1976. Petitioner and Stigliano were both certified to teach "electrical electronics (technical)" (hereinafter technical electronics) in addition to trade electronics. In September, 1980, BOCES offered a three-year program in technical electronics for the first time. Respondent Stigliano received a probationary appointment in the tenure area of technical electronics, effective September 1, 1980, and he began teaching in the new technical electronics program. Petitioner had initially expressed an interest in the technical electronics program, but he withdrew from consideration for the new position because of the requirement that he accept a probationary appointment in the new tenure area of technical electronics. Petitioner continued to serve in the tenure area of trade electronics until June 30, 1981, when he was excessed after BOCES abolished teaching positions in that tenure area due to budgetary constraints. Petitioner's primary contention is that the program in trade electronics incorporated major elements of the subject matter contained within the area of technical electronics prior to the establishment of the separate technical electronics program. BOCES therefore illegally fractionalized the pre-existing trade electronics tenure area in derogation of his seniority rights when it created what it deemed to be the new tenure area of technical electronics. We conclude that in light of the conflicting allegations in the record and the documentary and other evidence submitted by petitioner with regard to his assertion that his seniority rights extended to the tenure area of technical as well as trade electronics, he was entitled to an evidentiary hearing to resolve the issue of whether he acquired tenure in the technical electronics area as a result of the nature of the teaching he did in the trade electronics program. The hearing must be conducted to resolve the issues raised with regard to the exact nature of the trade electronics course taught by petitioner since 1970 and whether he acquired tenure in the area of technical electronics as a result thereof (see *Waiters v Board of Educ.,* 46 NY2d 885; *Matter of Platania,* 20 Ed Dept Rep 670; *Matter of Smyton,* 19 Ed Dept Rep 281). Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.