■ JUDITH L. SEPHTON et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. — In an action, *inter alia,* to recover back pay for the board of education's allegedly unreasonable and arbitrary classification of substitute teachers, plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated March 5, 1982, which granted defendants' motion for summary judgment. Order affirmed, without costs or disbursements. Plaintiffs allege that prior to September 1, 1975, per diem substitute teachers were compensated for each full day of service at a rate of one two-hundredth of what would be their annual salary. On July 30, 1975 the respondent board of education adopted amendments to section 521 of its by-laws providing for a flat salary rate of $40 per day for per diem substitute teachers. However, the prior formula continued to be applicable to any per diem substitute who served for 30 or more consecutive days in the same position. More than seven months after the effective date of the amendments to section 521, plaintiffs, who were licensed to work as substitute teachers for the board, commenced this action by service of a summons and complaint seeking a declaratory judgment holding the amendments null and void, and to recover back pay. The complaint alleged, *inter alia,* that the difference in salary for per diem substitute teachers was unreasonable and arbitrary, and a violation of the equal protection clauses of the State and Federal Constitutions and provisions of the New York Civil Service Law. Special Term dismissed the complaint as plaintiffs concededly failed to comply with the notice of claim provisions of subdivision 1 of section 3813 of the Education Law. We agree. Subdivision 1 of section 3813 provides that: "1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services, school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or any officer of a school district, board of education, board of cooperative educational services, or school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment". Cases seeking to vindicate a public interest in the enforcement of a public right are exempted from the provisions of section 3813 (*Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371). In that case, no notice of claim was needed where the complaint alleged discrimination based upon sex. The Court of Appeals noted (p 380): "It is true, of course, that this proceeding was triggered by the complaint of this one teacher and that the relief granted below will redound to the benefit of that teacher as well as to the benefit of other teachers similarly situated. Such

circumstances cannot be allowed, however, to obscure the fact that *advantages which accrue to these teachers stem not from their rights of contract or other individual entitlement but rather flow as an appropriate and intended consequence of the vindication by the division, acting on behalf of the public, of the public's interest in the elimination of discrimination based on sex — a public interest duly declared by legislative enactment"* (emphasis added). The "tenure rights" of teachers are also considered a matter in the public interest and therefore section 3813 is not applicable to cases seeking to enforce such rights (see *Matter of Weisbarth v Board of Educ.,* 76 AD2d 841; *Matter of Gross v Board of Educ.,* 73 AD2d 949; *Matter of Tadken v Board of Educ.,* 65 AD2d 820, mot for lv to app den 46 NY2d 711; *Matter of Pulver v Board of Educ.,* 80 AD2d 833). The case at bar does not fall within these categories, however. Plaintiffs are seeking to recover back pay due to the allegedly improper restructuring of their salaries. Such a claim seeks vindication of private rights and duties. Thus a notice of claim was a condition precedent to the maintenance of the action (see *Todd v Board of Educ.,* 272 App Div 618, affd 297 NY 873; *Flanagan v Board of Educ.,* 63 AD2d 1013). In view of our determination on this issue, we need not reach the other contentions raised by the parties. Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.