■ JOHN L. MURRAY, Appellant, v LEROY CENTRAL SCHOOL DISTRICT et al., Respondents.—Order affirmed, without costs. Memorandum: Plaintiff, an architect, appeals from the dismissal of his complaint in this action to recover $25,350 allegedly owed to him by defendants for work performed on and prior to November 29, 1973. We agree with defendants'

position that the complaint is defective because it does not allege that plaintiff presented a notice of claim in compliance with Education Law § 3813. In fact, no notice of claim was ever presented. The unverified invoice presented by plaintiff, which did not purport to be a claim for the amount now sought, was lacking in detail and virtually indistinguishable from a number of other invoices presented by plaintiff throughout his professional relationship with defendants, and this did not sufficiently inform defendants of the claim and does not constitute substantial compliance with the notice requirement (*see generally, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547-548).

All concur, except Callahan, J., who dissents and votes to reverse and deny the motion, in the following memorandum.

Callahan, J. (dissenting). I disagree that no notice of claim was ever presented. Exhibits D, E, F, G and H are all certified claims submitted to the school district on "claim forms" supplied by the district. These are adequate as they contain sufficient facts to constitute a claim. The Court of Appeals in *Matter of Baker (Board of Educ.)* (309 NY 551, 557) has held that there are no rigid requirements imposed by statute as to the form which claims must take. This court has acknowledged that "[t]here is no precise formula regarding what must be included" in a notice of claim (*Carthage Cent. School Dist. No. 1 v Reddick & Sons,* 67 AD2d 808, 809). The principal, if not the sole, objective of the notice requirements is to assure the school district an adequate opportunity to explore the nature of the claim while information is still available (*Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 289; *Teresta v City of New York,* 304 NY 440; *Matter of Board of Educ. v Ambach,* 69 AD2d 949, 951). The critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred (*P. J. Panzeca, Inc. v Board of Educ.,* 29 NY2d 508, 509). There can be no surprise or prejudice in this case as the parties had ongoing negotiations pertaining to these claims and were cognizant of the nature and extent thereof. There is no dispute that there was a partial payment upon receipt of the claim which "claim form" contained a balance due in excess of the amount paid. Each "claim form" was certified by the plaintiff. The certification on these "claim forms," in my view, is tantamount to a verification. Furthermore, the court can permit late verification of a claim if no prejudice will thereby accrue (*Matter of Belluardo v Board of*

*Educ.,* 68 AD2d 887; *McCullough v Board of Educ.,* 11 AD2d 740; *Boutelle v Central School Dist. No. 1,* 2 AD2d 925).

The record reveals that the school district received "claim forms" from plaintiff timely in compliance with Education Law § 3813. Plaintiff did the last work on the project on November 29, 1973. On November 30, 1973 a notice of claim was presented to the proper public body on the "claim form" provided by the district. On December 12, 1973, the school district paid the plaintiff $5,580.63. Plaintiff submitted other invoices on the same claim form as the November 30, 1973 claim, the last such claim being dated November 21, 1978. This action was commenced December 9, 1979. This is an action on a contract; thus, the limitation period is six years (CPLR 213). Because Education Law § 3813 requires that 30 days must pass after service of the notice of claim before plaintiff can commence the action, the limitation period is extended by a 30-day period (*see,* CPLR 204 [a]; *Matter of Cordani v Board of Educ.,* 66 AD2d 780; *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, *affd* 42 NY2d 918, and cases cited therein). Here, as a result of the 30-day extension, the action was timely commenced. (Appeal from order of Supreme Court, Genesee County, Mintz, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.