■ In the Matter of SPENCER E. VAIL, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, ERIE-CATTARAUGUS COUNTIES, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: This appeal raises an issue with respect to tenure rights within the context of a vocational education program. Petitioner was employed by respondent BOCES as a vocational teacher of auto mechanics and was granted tenure effective September 1, 1972. His tenure area was designated as "vocational instructor-auto mechanics." Petitioner's employment continued without incident until May 19, 1983 when he was notified by BOCES that one position of auto mechanics teacher was to be abolished and that since he was the least senior teacher of auto mechanics, his teaching position would be excessed as of June 30, 1983.

Thereafter, on September 28, 1983, petitioner served a notice of claim upon respondent pursuant to Education Law § 3813, seeking back pay and benefits based upon his claim that BOCES had failed to afford him his seniority rights under Education Law § 2510. Petitioner commenced the instant CPLR article 78 proceeding on November 21, 1983, seeking a judgment setting aside BOCES' determination to excess him and seeking reinstatement with full back pay and benefits. BOCES asserted three affirmative defenses in its answer: (1) the notice of claim was not timely served within 90 days after accrual of the claim; (2) the action was barred by the Statute of Limitations; and (3) petitioner failed to state a cause of action because BOCES had complied with the applicable provisions of the Education Law.

After a hearing, Special Term found that BOCES had failed to meet its burden of proving that it had created a narrow, special tenure area. The court, therefore, granted the petition and ordered petitioner "reinstated to a position in the tenure area of 'auto mechanics' defined as being sufficiently broad so as to include those automotive trade subjects to which Petitioner's experience and background now entitle him to immediate provisional certification", with full back pay and benefits. We agree with the court's findings on the merits *(Waiters v Board of Educ.,* 46 NY2d 885; *Matter of Bloom v Board of Coop. Educ. Servs.,* 95 AD2d 809).

The hearing court determined that since tenure involves a public interest, Education Law § 3813 (1) is not applicable. We

find that Education Law § 3813 is applicable to this proceeding. While "tenure rights * * * are legal rights guaranteed by State law and in the public interest" *(Matter of Cowan v Board of Educ.,* 99 AD2d 831, 833, *appeal discontinued* 63 NY2d 702), where a proceeding brought by a teacher seeks enforcement of a private right for money damages, as here, Education Law § 3813 (1) applies *(Mills v County of Monroe,* 59 NY2d 307; *Todd v Board of Educ.,* 272 App Div 618, *affd* 297 NY 873; *Matter of Cordani v Board of Educ.,* 66 AD2d 780; *Matter of Grey v Board of Educ.,* 60 AD2d 361, *lv denied* 44 NY2d 645).

The notice of claim required under Education Law § 3813 (1) is a statutory condition precedent to bringing an action or proceeding against a school district or a board of education *(Matter of Board of Educ. v Nyquist,* 48 NY2d 97). Failure to comply is a fatal defect mandating dismissal of the action *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 548). Petitioner's termination was effective June 30, 1983 and that is the date he became aggrieved, and the earliest date that the cause of action could have accrued *(Matter of Cordani v Board of Educ.,* 66 AD2d 780, *supra).* Since petitioner served a notice of claim on September 28, 1983, he timely complied with Education Law § 3813 (1).

Here, review was sought of a determination of BOCES which became final and binding upon petitioner on June 30, 1983. Education Law § 3813 (1) provides that 30 days must elapse from service of a notice of claim before an action may be commenced. The Statute of Limitations is therefore enlarged by an identical 30-day period (CPLR 204 [a]; *see, Niemczyk v Pawlak,* 76 AD2d 84; *Matter of Cordani v Board of Educ., supra).* The four-month period of CPLR 217 was therefore extended in this case to November 30, 1983. Accordingly, this proceeding, instituted on November 21, 1983, was timely.

The hearing court was of the view that this proceeding was in the nature of mandamus and that petitioner made his demand for reinstatement when he filed his notice of claim. Since, as demonstrated, this proceeding is timely in any event, we perceive no need to determine whether the nature of this proceeding is in certiorari or in mandamus *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 99-100 [Gabrielli, J., dissenting]). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.