■ GIACOMO RUTIGLIANO, Doing Business as BARI ELECTRONIC EQUIPMENT, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 16, 1989, which affirmed an order of the Civil Court of the City of New York, Kings County, entered June 23, 1988, granting the plaintiff's motion for leave to file a late notice of claim pursuant to Education Law § 3813 (2-a) and for leave to amend the complaint to allege compliance with the notice of claim requirement.

Ordered that the order is affirmed, with costs.

At the outset, we disagree with the Appellate Term's holding that the one-year Statute of Limitations of Education Law § 3813 (2-b) is enlarged by the 30-day waiting period between the filing of a notice of claim and commencement of an action, found in Education Law § 3813 (1). Education Law § 3813 (2-b) provides, *inter alia,* that, *"notwithstanding any other provision of law providing a longer period of time* in which to commence an action or special proceeding, no action or special proceeding shall be commenced * * * more than one year after the cause of action arose" (emphasis added). We read this provision as precluding any tolling of the statute by the 30-day waiting period. The cases of *Matter of Cordiani v Board of Educ.* (66 AD2d 780) and *Serravillo v New York City Tr. Auth.* (51 AD2d 1027, *affd* 42 NY2d 918), upon which the Appellate Term decision was predicated, were decided before Education Law § 3813 was amended by adding the ameliorative provisions of subdivisions (2-a) and (2-b) (L 1981, ch 855, § 1 [eff July 31, 1981]) and their precedential value has thereby been eroded.

Nevertheless, we find that the plaintiff's motion for leave to serve a late notice of claim was properly granted as timely made within the one-year period of limitations (Education Law § 3813 [2-a], [2-b]; *cf., Philson Painting Co. v Board of Educ.,* 133 AD2d 619). Review of the record reveals that as to the plaintiff's second cause of action for breach of the service

agreement the claims accrued on March 16, 1987, when it submitted its demand for payment of the amounts outstanding, because at that time the damages sought were ascertainable *(see, e.g., Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.,* 56 NY2d 828, *affg* 83 AD2d 654; *Crescent Elec. Installation Corp. v Board of Educ.,* 50 NY2d 780, *affg* 72 AD2d 760; *Matter of Board of Educ. [Wager Constr. Corp.,* 37 NY2d 283, 290). With respect to the first and third causes of action for goods sold and delivered, the plaintiff received payments as late as May 28, 1987. The claim for the outstanding amounts did not accrue until sometime thereafter when the defendant refused to make further payments. Accordingly, the plaintiff's motion for leave to serve a late notice of claim made on February 5, 1988, prior to the expiration of the Statute of Limitations, was timely.

We further find that by virtue of the written breakdown of invoices for which payment was alleged to be outstanding, which breakdown was annexed to the plaintiff's letter of March 16, 1987, demanding payment, the defendant acquired sufficient knowledge of the essential facts upon which the plaintiff's claims are based and will not be prejudiced in maintaining their defense on the merits *(see,* Education Law § 3813 [2-a]; *Matter of Nyack Bd. of Educ. v Capolino Design & Renovation,* 114 AD2d 849; *Quirk v Morrissey,* 106 AD2d 498). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.