■ ADOLPH KRAUZ, Respondent, v COMMACK UNION FREE SCHOOL DISTRICT, Appellant. [610 NYS2d 540] —In an action, *inter alia,* to recover damages for wrongful termination of employment, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 26, 1992, as denied its motion to dismiss the first cause of action set forth in the complaint.

Ordered that the order is reversed on the law, with costs, the motion is granted, and the first cause of action is dismissed.

The Supreme Court found that the Statute of Limitations was tolled for 30 days pursuant to Education Law § 3813 (1) and for an additional 39 days while the plaintiff's motion for leave to serve a late notice of claim was pending. We disagree with the Supreme Court's finding that the Statute of Limitations was tolled pursuant to Education Law § 3813 (1). Thus, we reverse and grant the defendant's motion to dismiss the first cause of action.

The defendant correctly contends that the precedential value of *Matter of Vail v Board of Coop. Educ. Servs.* (115 AD2d 231) and *Matter of Cordani v Board of Educ.* (66 AD2d 780) has been eroded insofar as those cases hold that the one-year Statute of Limitations of Education Law § 3813 (2-b) is enlarged by the 30-day waiting period between the filing of a notice of claim and the commencement of an action found in Education Law § 3813 (1) *(see, Rutigliano v Board of Educ.,* 176 AD2d 866). Therefore, the Statute of Limitations in this case was not tolled for 30 days pursuant to Education Law § 3813 (1).

Although the Supreme Court correctly found that the Statute of Limitations was tolled during the 39-day period when the plaintiff's motion for leave to serve a late notice of claim was pending *(see, Giblin v Nassau County Med. Ctr.,* 61 NY2d 67), the plaintiff commenced this action one year and 41 days after the cause of action had accrued. Therefore, the first cause of action is time-barred. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.