■ In the Matter of JOAN PERLIN, Appellant, v SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Respondent. [628 NYS2d

348] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel the South Orangetown Central School District to reinstate the petitioner to her position as a probationary physics teacher with back pay, the appeal is from a judgment of the Supreme Court, Rockland County (Miller, J.), dated March 21, 1994, which dismissed the proceeding as untimely.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits.

The petitioner, a former employee of the South Orangetown Central School District (hereinafter the School District), claims to have been coerced by School District officials into resigning her position after she refused the principal's direction to change a student's grade. The petitioner terminated her employment on September 13, 1993, and the parties agree it was on that date that the applicable four-month Statute of Limitations period commenced *(see,* CPLR 217). On December 3, 1993, the petitioner filed a notice of claim pursuant to Education Law § 3813. The instant proceeding was commenced on February 11, 1994, i.e., more than four months after the limitations period had commenced. The Supreme Court dismissed the proceeding, concluding that it was untimely. We reverse.

It is undisputed that the petitioner was required to file a notice of claim pursuant to Education Law § 3813, a statute which not only requires that a notice of claim be filed but also provides for a 30-day waiting period between the filing of the notice of claim and commencement of the action *(see,* Education Law § 3813 [1], [2]; *Rutigliano v Board of Educ.,* 176 AD2d 866). The issue presented in this case is whether the applicable four-month limitations period *(see,* CPLR 217) is enlarged by the subject 30-day waiting period. Significantly, this issue has been decided by this Court *(see, Matter of Cordani v Board of Educ.,* 66 AD2d 780). In *Cordani,* we determined that the four-month Statute of Limitations applicable to CPLR article 78 proceedings was enlarged by 30 days in light of the fact that, pursuant to Education Law § 3813, "30 days must pass after service of the notice of claim before an action may be commenced" *(Matter of Cordani v Board of Educ., supra,* at 781; *see also, Matter of Vail v Board of Coop. Educ. Servs.,* 115 AD2d 231). Since our decision in *Cordani,* this Court has correctly determined that the precedential value of *Cordani* has been eroded, but only to the limited extent that *Cordani* may have been construed to enlarge the one-year limitations period set forth in Education Law § 3813 (2-b) *(see, Krauz v Commack*

*Union Free School Dist.,* 203 AD2d 334; *Rutigliano v Board of Educ.,* 176 AD2d 866, *supra).* In *Krauz* and *Rutigliano,* we held that enlargement of the one-year limitations period was precluded by the language of Education Law § 3813 (2-b). However, there is no similar statutory language which precludes the enlargement of the four-month limitations period at issue here. As such, the rationale undergirding this Court's decisions in *Krauz* and *Rutigliano* has no application to the facts of this case. Further, contrary to the School District's contention, the decision of the Court of Appeals in *Baez v New York City Health & Hosps. Corp.* (80 NY2d 571) has not overruled our decision in *Cordani.* We conclude that the *Cordani* decision has retained its precedential value with regard to the facts of this case. Accordingly, the applicable four-month limitations period was extended by 30 days, and the instant proceeding was timely commenced. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.