■ In the Matter of JOHN SAINATO, Appellant, v WESTERN SUFFOLK BOCES, Respondent. [661 NYS2d 43] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Western Suffolk BOCES terminating the petitioner's employment as a Custodial Worker and to reinstate him with back pay and benefits, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Rohl, J.), dated April 2, 1996, and (2) a judgment of the same court, dated July 1, 1996, which dismissed the petition for failure to properly serve a notice of claim in accordance with Education Law § 3813 (1).

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

As a condition precedent to the commencement of this proceeding against the respondent Western Suffolk BOCES, the petitioner was required to present a notice of claim to the governing body of the school within three months from the accrual of his claim *(see,* Education Law § 3813 [1]; *Matter of Perlin v South Orangetown Cent. School Dist.,* 216 AD2d 397; *Matter of McClellan v Alexander Cent. School Bd. of Educ.,* 201 AD2d 898). Although substantial compliance with the statute

regarding the degree of descriptive detail in the notice of claim is sufficient, the statutory requirements mandating notification to the proper public body or official must be fulfilled (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 547; Matter of Jackson v Board of Educ., 194 AD2d 901, 903). In this case, the notice of claim was not presented to the District Clerk, the official who represented the school's governing body, but to the secretary of the Associate Superintendent.

The court properly denied the petitioner's motion for leave to serve a late notice of claim. The court's broad discretion to extend the time to serve a notice of claim is expressly restricted to the time within which the claimant may commence his action (see, Education Law § 3813 [2-a]). The petitioner's motion for leave to serve a late notice of claim was made after the four-month Statute of Limitations for commencing this proceeding had expired (see, CPLR 217).

The petitioner's remaining contentions are without merit. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.