■ ELITE ASSOCIATES, INC., Respondent, v BOARD OF EDUCATION, LONGWOOD CENTRAL SCHOOL DISTRICT, Appellant. [725 NYS2d 562] —In an action, *inter alia,* for a judgment declaring

that a stipulation of discontinuance in an earlier action is null and void, the defendant appeals from an order of Supreme Court, Suffolk County (Oshrin, J.), dated June 28, 2000, which denied its motion pursuant to CPLR 3211 (a), to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in determining the accrual date for the running of the Statute of Limitations. Pursuant to Education Law § 3813 (2-b), an action against a school district must be commenced within one year after the cause of action arose. Here, the limitation period began on November 9, 1998, when the plaintiff, Elite Associates, Inc. (hereinafter Elite), became aware that its surety had settled its underlying breach of contract action without its consent (*see, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399; *Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169). Therefore, the commencement of the present action on January 25, 2000, was untimely as a matter of law (*see, Krauz v Commack Union Free School Dist.,* 203 AD2d 334).

Moreover, Elite cannot avail itself of the benefit of CPLR 205 (a) because that section does not apply where, as here, the original action terminated by voluntary discontinuance (*see, George v Mt. Sinai Hosp.,* 47 NY2d 170; *Feit v Emons Indus.,* 119 Misc 2d 157). Santucci, J. P., Altman, Florio and Adams, JJ., concur.