■ CHAU MILLS, Respondent, v COUNTY OF MONROE, Appellant. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced an action for money damages alleging her wrongful discharge from employment by defendant in violation of section 296 of the Executive Law (racial discrimination). Claiming that plaintiff's cause of action sounded in tort, defendant moved for summary judgment on the ground (among others) of failure to file a notice of claim pursuant to section 50-e of the General Municipal Law. Special Term denied the motion. While section 50-e of the General Municipal Law provides the procedural mechanism for filing a notice of claim when required, section 50-i of the statute sets forth the kinds of actions which will trigger the requirement to provide a municipality with a notice of claim. Subdivision 1 of section 50-i provides in pertinent part: "No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act * * * unless * * * a notice of claim shall have been made and served". Thus, the applicability of the statute is confined to tort claims for personal injury, wrongful death, or damage to property and not to torts generally. Plaintiff argues correctly that an action brought under section 296 of the Executive Law is not a tort claim which falls within the notice provisions of the General Municipal Law. Nonetheless, her action must be dismissed. Section 52 of the County Law requires a notice of claim to be served upon a county in any "claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees" in compliance with section 50-e of the General Municipal Law. Plaintiff's action seeks money damages for the alleged wrongful acts of the county and her conceded failure to file the requisite notice of claim within 90 days after her claim accrued bars her action (*Matter of Phaler v Hicks*, 71 AD2d 820; *Malcuria v Town of Seneca*, 66 AD2d 421, 424). (Appeal from order of Supreme Court, Monroe County, Wagner, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.