■ CHARLES ALAIMO, Appellant, v NEW YORK CITY DEPARTMENT OF SANITATION, Respondent. [611 NYS2d 245] —In an action to recover damages for discriminatory practices pursuant to Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated August 22, 1991, which denied his motion to file a late notice of claim.

Ordered that the order is modified, by adding, after the words "motion is denied" the words "as unnecessary"; as so modified, the order is affirmed, without costs or disbursements.

General Municipal Law § 50-i is not applicable to the instant action (see, Simpson v New York City Tr. Auth., 188 AD2d 522, 523; see also, Mills v County of Monroe, 89 AD2d 776, affd 59 NY2d 307, cert denied 464 US 1018); therefore, no notice of claim was required as a condition precedent to its commencement.

We further note that the commencement of the instant action to recover damages for unlawful discriminatory practices under Executive Law § 296 is governed by the three-year Statute of Limitations prescribed in CPLR 214 (2) (see, Koerner v State of New York, 62 NY2d 442; Stoetzel v Wappingers Cent. School Dist., 166 AD2d 643; Mills v County of Monroe, supra; Ramos v New York City Police Dept., 127 Misc 2d 872), and the plaintiff here filed his complaint within the three-year

limitations period. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.