■ HYGRADE INSULATORS, INC., Respondent, v BOARD OF EDUCATION, MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant. [615 NYS2d 744] —In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered April 6, 1992, which denied its motion for summary judgment dismissing the complaint for failure to serve a

timely notice of claim pursuant to Education Law § 3813 (1) and granted the plaintiff's cross motion to dismiss the defendant's affirmative defense based upon the failure to serve a timely notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that the defendant failed to make the payments required under a 1988 contract for the repair of a school roof. The defendant moved for summary judgment dismissing the complaint on the ground that the notice of claim served by the plaintiff in August 1990 was untimely under Education Law § 3813 (1). The Supreme Court denied the defendant's motion on estoppel grounds and found that the August 1990 notice of claim was timely. We conclude that the Supreme Court properly denied the defendant's motion but for different reasons.

Pursuant to Education Law § 3813 (1), a notice of claim must be served upon a defendant within three months of its accrual. For contracts entered into before July 17, 1992, a "claim" accrued when the amount of money due was ascertained or ascertainable (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 287; Bri-Den Constr. Co. v Board of Educ., 200 AD2d 605; Matter of Prote Contr. Co. v Board of Educ. 198 AD2d 418).

Here, the record reveals that the plaintiff completed work under the contract in May 1989 and submitted an invoice to the defendant dated May 11, 1989 for $87,640. The invoice indicated that another request for payment would be sent in the future after additional work under a unit cost provision in the contract was calculated. The plaintiff thereafter submitted an invoice dated July 3, 1989 which included a request for an additional $93,133.60 for work performed under the unit cost provision.

The plaintiff's damages were clearly ascertainable in July 1989, and the formal notice of claim which was served over a year later, in August 1990, was untimely. Upon searching the record, however, we find that the invoice dated July 3, 1989 constituted a timely notice of claim as it substantially complied with the requirements of a notice of claim and was adequately served upon the defendant (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539; Pope v Hempstead Union Free School Dist. Bd. of Educ., 194 AD2d 654). The invoice provided "the necessary information as to the nature of the claim, the time when it arose, the amount sought and how such amount was calculated" (Almar Constr. Corp. v Hughes & Sons, 58

AD2d 615, 615-616). Accordingly, the defendant's affirmative defense was properly stricken and its motion for summary judgment denied. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.