■ ROBERT L. SCOPELLITI, Appellant, v TOWN OF NEW CASTLE et al., Respondents. [620 NYS2d 405] —In an age-discrimination action, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Burrows, J.), entered November 18, 1992, which granted the defendants' motion to dismiss the complaint on the grounds that (1) the plaintiff had elected his remedies, (2) no notice of

claim was filed with the Town of New Castle, and (3) the plaintiff's Federal discrimination cause of action was barred because the plaintiff failed to file a claim with the Federal Equal Employment Opportunity Commission within 300 days of the alleged discriminatory act.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the plaintiff's contentions, Executive Law § 297 (9) clearly set forth an election of remedies provision. Thus, once the plaintiff filed his age-discrimination claim with the New York State Division of Human Rights, he was precluded from bringing a cause of action in the New York State Supreme Court asserting the same discriminatory acts (see, Scott v Carter-Wallace, Inc., 147 AD2d 33; Long v AT&T Information Sys., 733 F Supp 188).

Moreover, even assuming that the plaintiff was alleging different discriminatory acts, his complaint is time-barred due to his failure to serve a notice of claim upon the Town of New Castle (see, Piontka v Suffolk County Police Dept., 202 AD2d 409; Mills v County of Monroe, 89 AD2d 776, affd 59 NY2d 307, cert denied 464 US 1018). While the plaintiff correctly argues that an action brought pursuant to Executive Law § 296 is not a tort claim which falls within the notice provisions of the General Municipal Law (see, Alaimo v New York City Dept. of Sanitation, 203 AD2d 501; Simpson v New York City Tr. Auth., 188 AD2d 522), nevertheless, his action must be dismissed. Town Law § 67 (1), (2) provides that

"[a]ny claim * * * which may be made against the town * * * for damages for wrong or injury to person or property * * * shall be made and served in compliance with section fifty-e of the general municipal law * * *

"Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law" (see, Piontka v Suffolk County Police Dept., supra; Mills v County of Monroe, supra). Thus, the plaintiff's failure to comply with General Municipal Law § 50-i renders the action time-barred.

Likewise, the plaintiff's failure to file a claim with the Federal Equal Employment Opportunity Commission within 300 days of the alleged discriminatory act bars his Federal age discrimination cause of action (see, 29 USC § 626 [d]). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.