■ LINDA LANE-WEBER, Appellant-Respondent, v PLAINEDGE UNION FREE SCHOOL DISTRICT, Respondent, and GEORGE KANE et al., Respondents-Appellants. [624 NYS2d 185] —In an action pursuant to Executive Law § 296 (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 28, 1993, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against the defendant Plainedge Union Free School District, and (2) the defendants George Kane, Ray Blank, and Albert N. Lind cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Plainedge Union Free School District and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff, Linda Lane-Weber, commenced the instant action alleging that she was the subject of a pattern of discriminatory practices. She alleged these acts occurred in retaliation for a complaint she had previously made with the New York State Division of Human Rights.

The Supreme Court granted the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against the defendant Plainedge Union Free School District, holding that the plaintiff's causes of action were subject to the requirements of Education Law § 3813 and General Municipal Law § 50-e and that the plaintiff failed to timely comply with the notice of claim provisions therein. We now reverse.

Contrary to the defendants' contentions, an action to recover damages for discriminatory practices under Executive Law § 296 is governed by a three year Statute of Limitation as prescribed by CPLR 214 (2) *(see, Koerner v State of New York, 62 NY2d 442; Mills v County of Monroe, 89 AD2d 776, affd 59 NY2d 307, cert denied 464 US 1018; Alaimo v New York City Dept. of Sanitation, 203 AD2d 501)*.

Moreover, while Education Law § 3813 (2) dictates that no action "where the alleged tort" was committed by any teacher or member of the staff may be commenced "unless a notice of claim shall have been made and served", an action brought pursuant to Executive Law § 296 is not a tort claim *(see, Scopelliti v Town of New Castle, 210 AD2d 308; Alaimo v New York City Dept. of Sanitation, 203 AD2d 501, supra)*. Therefore, such actions are not subject to the notice of claim provisions of either the Education Law § 3813 (2) or General Municipal Law § 50-e *(see, General Municipal Law § 50-e; Simpson v New York City Tr. Auth., 188 AD2d 522)*.

The plaintiff alleges that these retaliatory incidents occurred between the period of April 1981 through November 1984 and were part of a continuous course of conduct. Thus, she argues, since her complaint was filed within three years of the last incident she should be allowed to recover damages for

all the retaliatory incidents *(see, Brown v State of New York,* 125 AD2d 750). We conclude, however, that the incidents complained of were not part of a continuous course of conduct. Therefore, since the plaintiff commenced her action by service of a summons and complaint on February 27, 1986, those incidents which occurred more than three years prior to service of the complaint cannot be the basis of recovery.

The parties' remaining contentions are without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.