■ In the Matter of ARTHUR STEVENS, Appellant-Respondent, v BOARD OF EDUCATION OF McGRAW CENTRAL SCHOOL DISTRICT, Respondent-Appellant. [689 NYS2d 730] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Rumsey, J.), entered July 31, 1998 in Cortland County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner from his employment as a school bus driver.

Petitioner was employed as a bus driver for the McGraw Central School District and was charged with, *inter alia*, permitting unacceptable behavior on his bus, being absent without leave, failing to comply with directives of his supervisors, failing to comply with District rules and procedures and inaccurately reporting work time. Following a hearing pursuant to Civil Service Law § 75, petitioner was found guilty of seven of the charges preferred against him and the Hearing Officer recommended that he be discharged. Respondent accepted this recommendation and terminated petitioner's employment on September 11, 1997. Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. Respondent answered and raised as an affirmative defense petitioner's failure to comply with Education Law § 3813. Supreme Court, *inter alia*, sustained respondent's objection in point of law and dismissed the petition, prompting these appeals.

We affirm. Contrary to petitioner's assertion, the mere fact that he seeks only reinstatement to his former position, as opposed to reinstatement coupled with back pay and benefits, does not exempt him from the requirements of Education Law § 3813, as a review of the petition makes clear that petitioner nonetheless primarily is seeking to enforce a private right (*see, e.g., Matter of Jackson v Board of Educ.*, 194 AD2d 901, 903, *lv denied* 82 NY2d 657; *Matter of Harder v Board of Educ.*, 188 AD2d 783, 784). Nor are we persuaded that Supreme Court erred in failing to grant petitioner's request to file a late notice of claim. Inasmuch as such request was not made within the statutory period, Supreme Court was without authority to grant it (*see, Matter of Sainato v Western Suffolk BOCES*, 242 AD2d 301, 302).

Finally, we reject petitioner's contention that his claim for unemployment insurance benefits provided respondent with sufficient notice of the underlying claim to satisfy the requirements of Education Law § 3813. While courts indeed have been quite liberal with regard to what type of notice is required to satisfy the provisions of Education Law § 3813, it repeatedly has been held that such notice must be given to the proper public body or official (*see, e.g., Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 547). Here, petitioner's unemployment insurance claim was addressed to the Unemployment Insurance Appeal Board, not respondent. Accordingly, Supreme Court properly dismissed the petition. In light of this conclusion, we need not address the remaining arguments raised by the parties.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.