pendency. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.

■ KIERRA ROGERS et al., Respondents, v CITY OF YONKERS et al., Appellants. [706 NYS2d 444] —In an action, *inter alia*, to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 20, 1999, as denied that branch of their motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint insofar as asserted on behalf of the plaintiff Kierra Rogers and granted that branch of the plaintiffs' cross motion which was pursuant to General Municipal Law § 50-e (5) for leave to the plaintiff Kierra Rogers to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted on behalf of the plaintiff Kierra Rogers is granted, the branch of the cross motion which granted that plaintiff leave to serve a late notice of claim is denied, and the complaint is dismissed insofar as asserted on behalf of Kierra Rogers.

In considering whether to grant an application for leave to serve a late notice of claim, the courts must consider, *inter alia*, the following facts and circumstances: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant was an infant, or was mentally or physically incapacitated, (3) whether the claimant had a reasonable excuse for the delay in filing a notice of claim, and (4) whether the municipality was prejudiced by the delay (*see,* General Municipal Law § 50-e [5]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Duarte v Suffolk County,* 230 AD2d 851; *Matter of Morehead v Westchester County,* 222 AD2d 507). The plaintiff Kierra Rogers failed to offer a reasonable excuse for the delay of one year in serving a notice of claim after the alleged abuse (*see, Matter of Duarte v Suffolk County, supra*; *Matter of Morehead v Westchester County, supra*; *Seif v City of New York,* 218 AD2d 595). Additionally, although Kierra Rogers is an infant, it is clear that the delay was unrelated to her infancy. While this fact is not fatal to an application for permission to serve a late notice of claim (*see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), its absence is a factor which weighs against granting the relief (*see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d

818). Furthermore, the delay in serving a notice of claim has prejudiced the defendants' ability to defend against the claim of sexual abuse (*see, Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792).

Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the infant plaintiff's application for leave to serve a late notice of claim, and should have granted the defendants' motion to dismiss the complaint insofar as asserted on behalf of the infant plaintiff. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.