■ In the Matter of SAMMIE SHEFF, Respondent, v COUNTY OF WESTCHESTER, Appellant, et al., Defendant. [719 NYS2d 696] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of West-

chester appeals from an order of the Supreme Court, West-chester County (Barone, J.), entered November 16, 1999, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

On May 6, 1999, the respondent Sammie Sheff, an inmate at the Westchester County Jail, was burned with scalding water he was using to clean a floor. Over five months later, Sheff commenced this proceeding for leave to serve a late notice of claim on the appellant.

We agree with the appellant that the Supreme Court improvidently exercised its discretion in granting Sheff's application for leave to serve a late notice of claim. Sheff did not seek leave to serve a late notice of claim until more than five months after the accident, and he failed to proffer any excuse for the delay (*see, Mack v City of New York,* 265 AD2d 308).

Furthermore, there is no evidence that the appellant acquired actual knowledge of the facts constituting the negligent supervision claim within 90 days or a reasonable time thereafter so as to obviate any prejudice. While the appellant's employee filled out a special report two days after the incident, the form indicated only that Sheff had burned himself. This form cannot fairly be said to have apprised the appellant of the claim that the appellant negligently failed to supervise Sheff's work (*see, Matter of Ryder v Garden City School Dist.,* 277 AD2d 388).

Accordingly, the appellant had no reason to conduct a prompt investigation into the purported negligence, and it would be prejudiced if compelled to prepare a defense to the claim at this late date (*see, Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487). Given these circumstances, the Supreme Court should have denied the petition. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.