◾ WILLIAM DEANGELIS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [721 NYS2d 558] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 17, 2000, as denied that branch of his motion which was for leave to serve a late notice of claim in connection with an injury he sustained on October 26, 1998.

Ordered that the order is affirmed insofar as appealed from, with costs.

When deciding a motion for leave to serve a late notice of claim, the court must consider (1) whether the plaintiff has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, (2) whether the municipality to be served acquired actual knowledge of the essential facts constituting the claim within the 90 days after the claim arose or a reasonable time thereafter, (3) whether the plaintiff was an infant, or mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Rogers v City of Yonkers,* 271 AD2d 593; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408). This determination is left to the sound discretion of the court (*see, Ortega v New York City Hous. Auth.,* 167 AD2d 337). Here, the Supreme Court properly denied that branch of the motion which was for leave to serve a late notice of claim in connection with an injury the plaintiff sustained on October 26, 1998. The plaintiff failed to demonstrate either a reasonable excuse for his delay, that the respondents acquired actual knowledge of the claim, or that the respondents would not be prejudiced. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.