◼ In the Matter of VINCENZA MENNELLA, Appellant, v UNIONDALE UNION FREE SCHOOL DISTRICT, Respondent. [732 NYS2d 40] —In a proceeding for leave to serve a late notice of claim to recover damages for racial discrimination and fraudulent inducement or to deem that the functional equivalent of a notice of claim was timely served, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Austin, J.), entered October 2, 2000, which denied the application, and (2), as limited by his brief, from so much of an order of the same court, dated April 16, 2001, as, upon, in effect, granting reargument, adhered to the original determination denying the application.

Ordered that the appeal from the order entered October 2, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 16, 2001, which, in effect, granted reargument; and it is further,

Ordered that the order dated April 16, 2001, is modified, on the law, by deleting the provision thereof which, upon, in effect, granting reargument, adhered to so much of the original determination as denied that branch of the application which was to deem the appellant's notice of claim to be timely filed with respect to her claim of racial discrimination, and substituting therefor a provision granting that branch of the application; as so modified, the order dated April 16, 2001, is affirmed insofar as appealed from, without costs or disbursements, and the order entered October 2, 2000, is modified accordingly.

As a condition precedent to commencement of an action against a school district, Education Law § 3813 (1) requires that a written verified claim be presented to the governing body of the school district within three months of accrual of the claim. A paper which is not denominated a notice of claim may satisfy that requirement if it provides the necessary information as to the nature of the claim, the time when, the place where, and the manner in which the claim arose (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547; *Hygrade Insulators v Board of Educ.,* 207 AD2d 430, 431). The paper must give notice of the nature of the claim, and the "essential

facts underlying the claim" (*Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 488). A petition to the Commissioner of Education can constitute the functional equivalent of a notice of claim (*see, Matter of Board of Educ. v Ambach,* 81 AD2d 691).

Six days after the respondent rendered a decision terminating the appellant's employment, the appellant filed a petition with the Commissioner of Education, seeking review of that determination. The appellant's petition to the Commissioner of Education included allegations that the acting principal made certain statements indicative of racial discrimination. In the proceedings before the Commissioner of Education, the respondent asserted that the allegations of racial discrimination were "baseless."

We conclude that the petition to the Commissioner of Education constituted the functional equivalent of a notice of claim with respect to the appellant's allegations of racial discrimination.

The appellant's remaining contentions are without merit (*see, Matter of Traylor v Comsewogue School Dist.,* 265 AD2d 332). Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.