■ LUZA M. LOPEZ et al., Respondents, v HICKSVILLE PUBLIC SCHOOL DISTRICT, Appellant, et al., Defendant. [734 NYS2d 878] —In an action to recover damages for personal injuries, the defendant Hicksville Public School District appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated April 16, 2001, which granted the plaintiff's motion, in effect, for leave to serve a late notice of claim, and denied its cross motion to dismiss the complaint insofar as asserted against it for failure to timely serve a notice of claim.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In determining whether to grant an application for leave to serve a late notice of claim, the court must consider (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant was an infant or mentally or physically incapacitated, (3) whether the claimant had a reasonable excuse for the delay in serving a notice of claim, and (4) whether the public corporation was prejudiced by the delay (*see,* General Municipal Law § 50-e [5]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Rogers v City of Yonkers,* 271 AD2d 593). The plaintiff failed to establish that the appellant was not prejudiced, the claim articulated in the proposed notice of claim had any merit, or the delay in attempting to serve the notice of claim was related to infancy or could be reasonably excused (*see, Matter of Sheff v County of Westchester,* 279 AD2d 632; *Matter of Bagnasco v Suffolk County Water Auth.,* 272 AD2d 611; *Saafir v Metro-North Commuter R. R. Co.,* 260 AD2d 462; *Matter of Finneran v City of*

*New York,* 228 AD2d 596, 597). Thus, the Supreme Court improvidently granted the plaintiff's motion and should have granted the defendant's cross motion to dismiss the action (*see,* General Municipal Law § 50-e [1] [a]). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.