■ In the Matter of CLARENCE R. RIORDAN, Respondent, v EAST ROCHESTER SCHOOLS, Appellant. [737 NYS2d 202] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered May 7, 2001, which granted claimant's motion seeking permission to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court abused its discretion in granting claimant's motion seeking permission to serve a late notice of claim pursuant to Education Law § 3813 (2-a). Claimant was injured on August 30, 2000 when he allegedly fell down an embankment while working on a school construction project on premises owned by respondent. At the time of the accident, he

was working for LJG General Contractors, Inc., which had been hired by BOCES of Rochester. Ninety-six days later, on December 4, 2000, he served a notice of claim against BOCES of Rochester. By notice of motion dated January 25, 2001, he moved for permission to serve a late notice of claim against respondent.

In determining whether to grant a motion pursuant to Education Law § 3813 (2-a), the court is required to "consider, in particular, whether the district or school or its attorney or its insurance carrier or other agent acquired actual knowledge of the essential facts constituting the claim within [three months after the accrual of such claim] or within a reasonable time thereafter" (Education Law § 3813 [2-a]). Other factors that should be considered are "whether the claimant in serving a notice of claim made an excusable error concerning the identity of the district or school against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits" (Education Law § 3813 [2-a]). While no one factor is dispositive, "[k]nowledge of the facts constituting the claim is the factor that 'should be accorded great weight' " (*Kalenda v Buffalo Mun. Hous. Auth.*, 203 AD2d 937, 937, quoting *Matter of Stenowich v Colonie Indus. Dev. Agency*, 151 AD2d 894, 895, *lv denied* 74 NY2d 615; *see, Matter of Jones v Jamestown Pub. School Dist.*, 259 AD2d 1020).

In this case, claimant failed "in his burden of demonstrating that respondent had actual timely knowledge of the incident" (*Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807). Claimant's attorney stated in conclusory fashion that an accident report and a worker's compensation claim were "immediately filed," but he failed to provide a copy of those documents (*see, Washington v City of New York*, 72 NY2d 881, 883) or to indicate with whom they were filed (*see, Matter of Hurley v Avon Cent. School Dist.*, 187 AD2d 982, 983). In opposition to claimant's motion, respondent established that it had no notice of the claim until receipt of the instant motion, which was filed more than five months after the accident.

Additionally, claimant failed to establish a reasonable excuse for his failure to serve the notice of claim within the statutory period. The affidavits of claimant's attorney do not establish a reasonable excuse for claimant's initial failure to identify respondent as the proper party (*see generally, Cabral v State of New York*, 149 AD2d 453). Claimant also failed to provide an

explanation for the delay in serving the initial notice of claim against BOCES of Rochester. Furthermore, claimant's attorney does not indicate when the error was discovered and thus it cannot be determined whether he acted expeditiously in bringing this motion (*see, Matter of Goldberg v County of Suffolk,* 227 AD2d 482, 483).

The only factor that appears to militate in claimant's favor is the absence of prejudice to respondent. Although respondent asserts that it has been prejudiced by the delay because conditions at the accident scene have changed, the accident occurred on a construction site and " 'it is highly unlikely that the conditions existing at the time of the accident would [still] have existed' had the claim[ ] been timely filed" (*Matter of Gorinshek v City of Johnstown,* 186 AD2d 335, 336, quoting *Matter of Ferrer v City of New York,* 172 AD2d 240, 241). There is, however, no proof supporting the conclusory assertion of claimant's attorney that "[a]ll witnesses are still available." Thus, we reverse the order and deny claimant's motion. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.