Gary KUSHNER, Plaintiff,

v.

Dr. Ronald VALENTI,
et al., Defendants.

No. CV 02–4021ILDW.

United States District Court,
E.D. New York.

Sept. 29, 2003.

Harold, Salant, Strassfield & Spielberg by Jerold Rotbard, Esq., White Plains, NY, for Plaintiff.

Law Offices of Rains & Pogrebin, P.C. by Sharon N. Berlin, Esq., Mineola, NY, for Defendants.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

Plaintiff Gary Kushner ("Kushner") brings this action against defendants Valley Stream Central High School District (the "District"), the District's Superintendent of Schools Dr. Ronald Valenti, and the District's South High School Principal Dr. Stephen Lando (collectively "defendants"), asserting claims for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and for age and gender discrimination under New York's Human Rights Law ("HRL"), N.Y. Exec. Law §§ 290 *et seq.* Presently before the Court are defendants' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure to dismiss Kushner's state law age and gender discrimination claims; and Kushner's cross-motion to serve a late notice of claim on defendants and to amend the complaint.

I.

For purposes of this decision, the relevant background can be summarized as follows. Kushner alleges that defendants failed to promote him to the position of Social Studies Department Head on June 18, 2001, the date he was informed by the District that a younger, female teacher was hired for the position. Kushner filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on June 26, 2001, alleging age discrimination ("EEOC Charge"). The EEOC sent to the District a "Notice of Charge of Discrimination," dated June 27, 2001, attaching the EEOC Charge (the "EEOC Notice"). The EEOC Notice was addressed to the "Director of Personnel" and was received by the District on July 5, 2001. The EEOC issued Kushner a "Notice of Right to Sue" on May 7, 2002; and Kushner filed this action on July 16, 2002.

II.

Defendants move to dismiss Kushner's state law age and gender discrimination claims, arguing that Kushner failed to serve a notice of claim on the District as required by New York's Education Law § 3813(1). According to defendants, Education Law § 3813(1), which requires a notice of claim to be served on the "governing body" of a school district within three months of the accrual of the claim, *see* N.Y. Educ. Law § 3813(1) (McKinney's 2001), applies to Kushner's state law discrimination claims under Executive Law § 296. In response, Kushner argues that the notice requirement does not apply to his discrimination claims under Executive Law § 296 because he seeks to vindicate a public interest, and, alternatively, the EEOC Notice received by the District on July 5, 2001 is sufficient to satisfy the notice requirement. Defendants respond that the notice requirement applies because Kushner does not seek to vindicate a public interest, and that the EEOC Notice is not sufficient to satisfy state law because the EEOC Notice was not sent to the "governing body" of the District but to the District's "Director of Personnel." In addition, defendants argue that, in any event, the EEOC Notice is not sufficient

notice as to Kushner's gender discrimination claim because the EEOC Charge alleged only age discrimination.

Kushner cross-moves for leave to file a late notice of claim under New York's Education Law § 3813(2–a) in the event that this Court determines that the EEOC Notice is insufficient to satisfy the state law notice requirement. In response, defendants argue that it's too late for this Court to grant Kushner leave to file a late notice of claim. According to defendant, Education Law § 3813(2–a) provides a court with broad discretion to extend the time to serve a notice of claim, but the court's discretion is restricted to the time within which the claimant may commence the action. In this respect, defendants argue that Education Law § 3813(2–b) imposes a one-year statute of limitations for claims against a school district, *see* N.Y. Educ. Law § 3813(2–b) (McKinney's 2001), but Kushner did not bring this cross-motion seeking leave to file a late notice until March 14, 2003—almost 21 months after the claim allegedly arose. In reply to that argument, Kushner argues that discrimination claims under Executive Law § 296 are subject to a three-year statute of limitations under Civil Practice Law & Rules ("CPLR") § 214(2). *See* CPLR § 214(2) (McKinney's Supp.2003) (imposing three-year statute of limitations on "an action to recover upon a liability ... created or imposed by statute").[1]

### III.

■■■ Upon consideration, this Court concludes that the notice requirement of Education Law § 3813(1) applies to Kushner's Executive Law § 296 discrimination

claims as he does not seek to vindicate a public interest, rather he seeks to vindicate his own private interest and to recover money damages for his own alleged emotional and financial loss. *See, e.g., Biggers v. Brookhaven–Comsewogue Union Free School Dist.,* 127 F.Supp.2d 452, 455 (E.D.N.Y.2001) (applying notice of claim requirement where former school administrator's claim for gender discrimination under Executive Law § 296 was not brought to vindicate a public interest but to vindicate her private interest and to recover money damages for her own alleged emotional and financial loss). Nevertheless, the Court concludes that the EEOC Notice is sufficient to satisfy that requirement as to Kushner's state law age discrimination claim since the EEOC Notice was sufficiently presented to the District to meet the statutory requirement. However, the EEOC Notice is not sufficient to satisfy the state law notice requirement as to Kushner's gender discrimination claim because neither the EEOC Charge nor the EEOC Notice referenced gender discrimination.

As for Kushner's cross-motion to serve a late notice of claim and to amend the complaint, that request is denied. Regarding Kushner's age discrimination claim, the request is moot based on the Court's determination that the EEOC Notice was sufficient to satisfy the state law notice requirement. Regarding Kushner's gender discrimination claim, the Court finds that upon consideration of the factors set forth in Education Law § 3813(2–a),[2] Kushner fails to show a sufficient basis for his request to serve a late notice of claim, having not previously alleged gender dis-

---

**1.** Notably, defendants did not assert a statute of limitations defense in their answer. Accordingly, the Court does not address directly the applicability of that defense to Kushner's state law claims.

**2.** In this respect, Education Law § 3813(2–a) provides:

In determining whether to grant the extension, the court shall consider, in particular, whether the district or school or its attorney or its insurance carrier or other agent acquired actual knowledge of the essential

crimination before commencing this action.[3]

## IV.

For the above reasons, defendants' motion for judgment on the pleadings to dismiss Kushner's state law age and gender discrimination claims is denied as to Kushner's age discrimination claim and granted as to Kushner's gender discrimination claim; and Kushner's cross-motion to serve a late notice of claim and to amend the complaint is denied.

SO ORDERED.

facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the district or school or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the district or school against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits. N.Y. Educ. Law § 3813(2–a) (McKinney's 2001).

3. Based upon this determination, the Court need not address defendants' argument that Kushner's request must be denied based on the limitation in § 3813(2–a) that "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant." *Id.*