■ KINGSLEY ARMS, INC., Appellant, v COPAKE-TACONIC HILLS CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendants. [780 NYS2d 805]—

Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 14, 2003 in Columbia County, which, inter alia, partially granted a motion by defendants Copake-Taconic Hills Central School District and Board of Education of the Copake-Taconic Hills Central School District to dismiss the complaint against them.

In February 1998, defendants Copake-Taconic Hills Central School District and Board of Education of the Copake-Taconic Hills Central School District (hereinafter collectively referred to as the District) solicited bids for the construction of a new school in the Town of Craryville, Columbia County. Plaintiff's bid for sitework was accepted and a contract was executed. Although various changes to the construction plans and other difficulties at the work site caused delay, plaintiff proceeded with the sitework and later requested payment. In January 2001, it was

informed that it would not be paid the balance of the money that it claimed was due. Plaintiff contends that in March 2001, its counsel and the attorney for the District engaged in numerous discussions regarding these claims. On April 16, 2001, in response to a request by the District's attorney, plaintiff sent a letter setting forth its claims in detail, denoting such letter as its notice of claim. No response was received.

Plaintiff commenced this action on January 25, 2002 against, among others, the District seeking damages for breach of contract and the costs it incurred from the changes and delays. Following joinder of issue, the District moved to dismiss the complaint. After the District cited plaintiff's failure to serve a verified notice of claim required by Education Law § 3813, plaintiff cross-moved, pursuant to Education Law § 3813 (2-a), for leave to serve a late notice of claim. Supreme Court partially dismissed plaintiff's claims against the District by finding that it failed to serve the requisite notice of claim and that, due to the lateness of plaintiff's request, the court was without authority to grant it leave to file a late notice of claim. Plaintiff appeals.

Education Law § 3813 (1) provides that no action shall lie against a school district unless "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim." While there is some flexibility in the type of notice permitted, the Court of Appeals has cautioned "that [the] statutory requirements mandating notification to the proper public body or official must be fulfilled" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *see Matter of Stevens v Board of Educ. of McGraw Cent. School Dist.*, 261 AD2d 698, 699 [1999], *lv denied* 93 NY2d 816 [1999]; *Matter of Chanecka v Board of Educ. Broome-Tioga BOCES*, 243 AD2d 1011, 1012 [1997], *appeal dismissed* 91 NY2d 920 [1998], *lv denied* 92 NY2d 802 [1998]). Despite plaintiff's characterization of its April 16, 2001 letter as a notice of claim, it is settled that service upon an employee of the District is not sufficient to meet the requirements of Education Law § 3813 (*see Paladino v Commack Union Free School Dist.*, 307 AD2d 284, 285 [2003]; *Matter of Chanecka v Board of Educ. of Broome-Tioga BOCES, supra* at 1012).

As a notice of claim must be filed within 90 days of the accrual of a claim, with such filing a condition precedent to the bringing of an action, we next address whether Supreme Court erred in failing to grant petitioner's request to file a late notice of claim. Although this determination is discretionary (*see*

Education Law § 3813 [2-a]), "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school" (Education Law § 3813 [2-a]). Hence, if the applicable statute of limitations has expired, Supreme Court would lack jurisdiction to grant this relief (*see Matter of Stevens v Board of Educ. of McGraw Cent. School Dist., supra* at 699).

Education Law § 3813 (2-b) provides that no action or special proceeding shall be commenced against a school district more than one year after the cause of action arose (*see Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist.*, 216 AD2d 708, 708 [1995]). "[A] cause of action accrues and the statute of limitations begins to run in contract actions from the time of the breach . . . when the plaintiff possesses a legal right to demand payment" (*Albany Specialties v Shenendehowa Cent. School Dist.*, 307 AD2d 514, 516 [2003]). Here, plaintiff sought leave to serve a late notice of claim on November 13, 2002. Thus, Supreme Court would be without authority to grant plaintiff leave to file a late claim unless one or more of its causes of action arose after November 13, 2001. By amended verified complaint, plaintiff alleges that by January 26, 2001, it requested and was refused a certificate of substantial completion and was told that it would "not be paid the balance of the money owed on the project." As plaintiff possessed a legal right to demand payment as of that time, we find that the cause of action accrued prior to November 13, 2001—the one-year period preceding plaintiff's request for relief. Still relying upon plaintiff's amended verified complaint, as well as its letter to the District's attorney, we further find the claim for additional sums to be untimely. The documentary evidence demonstrates that as of April 16, 2001 at the latest, the breach of contract had occurred and plaintiff's damages were clearly ascertainable—in fact, such amounts were itemized by its April 16, 2001 letter to the District's counsel; these claims could well have been the basis for plaintiff's commencement of a breach of contract action against the District (*see id.*). We find no refuge for this claim through plaintiff's contention that either the statute of limitations did not begin to run because the District did not respond to its April 16, 2001 letter or that the District should be equitably estopped from challenging these claims on timeliness grounds due to the District's interest in on-going negotiations.

Having reviewed and rejected all remaining claims as without merit, we affirm.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.