In the Matter of JOHN DOE et al., Appellants, v GOSHEN CENTRAL SCHOOL DISTRICT, Respondent. [787 NYS2d 75]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Orange County (Owen, J.), dated November 20, 2003, which denied the application.

Ordered that the order is affirmed, with costs.

In deciding whether to grant leave to serve a late notice of claim, the court must consider (1) whether the petitioner has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (3) whether the petitioner was an infant, or was mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (see Matter of Brown v County of Westchester, 293 AD2d 748 [2002]; Lopez v Hicksville Pub. School Dist., 289 AD2d 381 [2001]; DeAngelis v Board of Educ. of City of N.Y., 281 AD2d 448 [2001]; Matter of Kittredge v New York City Hous. Auth., 275 AD2d 746 [2000]; Rogers v City of Yonkers, 271 AD2d 593 [2000]). The determination as to whether to grant an application for leave to serve a late notice of claim is entrusted to the sound discretion of the court (see Matter of Flores v County of Nassau, 8 AD3d 377 [2004]; DeAngelis v Board of Educ. of City of N.Y., supra).

Contrary to the petitioners' contention, the Supreme Court providently exercised its discretion in denying leave to serve a late notice of claim. Although the claim arises from allegations that 13-year-old John Doe was sexually abused by a coach employed by the Goshen Central School District (hereinafter the School District), the delay in serving a notice of claim cannot solely be attributed to his infancy since there was no indication that Doe lacked the capacity to complain and make the

abuse known (see Matter of Donald E. v Gloversville Enlarged School Dist., 191 AD2d 749 [1993]; see also Rogers v City of Yonkers, supra). In addition, the petitioners failed to demonstrate that the School District acquired actual knowledge of the essential facts underlying the claim within 90 days after the alleged sexual abuse occurred or shortly thereafter, or that the School District would not be prejudiced by the delay of over 10 months in notifying it of the alleged abuse (see Matter of Micali v Union Free Val. Stream School Dist. #24, 300 AD2d 661 [2002]; Lopez v Hicksville Pub. School Dist., supra; DeAngelis v Board of Educ. of City of N.Y., supra; Rogers v City of Yonkers, supra). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.