Stephanie BUCALO, Plaintiff,

v.

**EAST HAMPTON UNION FREE SCHOOL DISTRICT,**
Defendant.

**No. 04 CV 1695(ADS)(MLO).**

United States District Court,
E.D. New York.

Jan. 3, 2005.

Bernbach Law Firm PLLC by Jeffrey M. Bernbach, Esq., White Plains, NY, for Plaintiff.

Cooper, Sapir & Cohen, P.C. by Robert E. Sapir, Esq., Melville, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiff Stephanie Bucalo ("Bucalo" or the "Plaintiff") brings this action against the defendant East Hampton Union Free School District (the "District" or the "Defendant") asserting claims for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (2004) and the New York Human Rights Law, N.Y. Exec. Law §§ 290–301 (McKinney's 2004). Presently before the Court is the Plaintiff's motion for leave to present a formal notice of claim to the Defendant.

## I. BACKGROUND

The Plaintiff was employed by the District from July 2002 to June 2003 as a part time teacher of reading and science at the John M. Marshall Elementary School. The Plaintiff alleges that when she was offered the position, as an inducement for her to accept, the District Assistant Superintendent Anthony Correale told her that her librarian credentials were extremely marketable and that he looked forward to offering her a librarian position if one were to become available. Shortly after accepting the teacher position, Bucalo learned that the elementary school librarian had retired.

In August 2002, Bucalo applied for the vacant elementary school librarian position but it was awarded to another younger woman. Sometime later that year, the elementary school librarian position again became vacant and Bucalo submitted another application. The Plaintiff alleges that in her second application for the librarian position vacancy she attached a complaint to the principal of the school, Thomas Lamorgese, in which she stated that she believed that her age had been a factor in the District's previous selection of a librarian. On December 16, 2002, the Plaintiff again was not selected for the position which was awarded to a younger candidate.

In April of 2003, Bucalo alleges that she reiterated her allegations about age discrimination to Lamorgese in an informal meeting. In the same month, the Plaintiff was notified that she would not be rehired for the following school year. At the end of the school year in June of 2003, the Plaintiff was terminated as a teacher in the District.

On July 31, 2003, counsel for the Plaintiff wrote to the Superintendent of the District alleging that the Plaintiff had been the victim of age discrimination and retaliation. On September 3, 2003, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), which was also served on the District. On April 23, 2004, the Plaintiff commenced this action. The Plaintiff never served a verified notice of claim upon the District as required by section 3813(1) of the Education Law of the State of New York for any claim under New York State law. On June 15, 2004, the Plaintiff filed the instant motion seeking leave of the Court to present a late notice of claim to the Defendant.

## II. DISCUSSION

As a condition precedent to commencement of any action under New York State law against a school district, New York's Education Law § 3813(1) requires

that a written verified claim be presented to the governing body of the school district within three months of accrual of such a claim. N.Y. Educ. Law § 3813(1) (McKinney's 2004). The New York Court of Appeals has interpreted the statute as follows: "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement." *Parochial Bus Sys., Inc. v. Bd. of Educ.*, 60 N.Y.2d 539, 549, 470 N.Y.S.2d 564, 569, 458 N.E.2d 1241 (1983) (citations omitted). Indeed, the New York Court of Appeals has "always insisted that statutory requirements mandating notification to the proper public body or official must be fulfilled." *See id.* at 547–48, 470 N.Y.S.2d 564, 458 N.E.2d 1241 (citing *Chesney v. Bd. of Educ.*, 5 N.Y.2d 1007, 185 N.Y.S.2d 263, 158 N.E.2d 125 (1959); *Munroe v. Booth*, 305 N.Y. 426, 113 N.E.2d 546 (1953)). Thus, a failure to present a claim within ninety days of its accrual is a fatal defect. *See id.* at 547, 470 N.Y.S.2d 564, 458 N.E.2d 1241; *Bd. of Educ. of Union Free Sch. Dist. No. 2 v. State Div. of Human Rights*, 44 N.Y.2d 902, 904, 407 N.Y.S.2d 636, 637, 379 N.E.2d 163 (1978) ("Noncompliance with [the notice] requirement likewise bars the right to the relief sought."); *see also, Pinaud v. County of Suffolk*, 798 F.Supp. 913, 925 (E.D.N.Y. 1992).

The statute at issue provides that a court may, "in its discretion, extend the time to serve a notice of claim." N.Y. Educ. Law § 3813(2–b). However, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school." *Id.* Hence, if the applicable statute of limitations has expired, the court lacks jurisdiction to grant an extension.

*Kingsley Arms, Inc. v. Copake–Taconic Hills Cent. Sch. Dist.*, 9 A.D.3d 696, 780 N.Y.S.2d 805, 807 (3d Dep't 2004); *see also Stevens v. Bd. of Educ. of McGraw Cent. Sch. Dist.*, 261 A.D.2d 698, 699, 689 N.Y.S.2d 730, 730 (3d Dep't 1999). "To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion . . . which expressly prohibits the court from doing so." *Pierson v. City of New York*, 56 N.Y.2d 950, 955, 439 N.E.2d 331, 333, 453 N.Y.S.2d 615, 617 (1982) (holding that a court may not grant a late notice of claim under the Gen. Mun. Law after the Statute of Limitations has expired).

There is a one-year Statute of Limitations for any action brought against a school district or board of education under section 3813(2–b) of the N.Y. Educ. Law. *See Henry Boeckmann, Jr. & Assocs. v. Bd. of Educ., Hempstead Union Free Sch. Dist. No. 1*, 207 A.D.2d 773, 775, 616 N.Y.S.2d 395, 397 (2d Dep't 1994); *Rutigliano v. Bd. of Educ. of City of New York*, 176 A.D.2d 866, 866, 575 N.Y.S.2d 339, 340 (2d Dep't 1991). The statute provides that "no action . . . shall be commenced . . . more than one year after the cause of action arose." N.Y. Educ. Law § 3813(2–b).

Nonetheless, the Plaintiff argues that the Court should disregard this limitation and apply the three year Statute of Limitations for discrimination actions as set forth in CPLR 214(2). The cases that the Plaintiff relies on for this position, *e.g., Lane–Weber v. Plainedge Union Free School Dist.*, 213 A.D.2d 515, 516, 624 N.Y.S.2d 185 (2d Dep't 1995), are analogous but inapplicable to this issue. *Lane–Weber* holds that actions for discrimination are not considered tort actions and thus

are not subject to the notice of claim requirements under Gen. Mun. Law 50–e or Educ. Law 3813(2). However, the notice of claim requirement in N.Y. Educ. Law 3813(1) and the one-year limit in 3813(2–b) clearly applies to *all* New York State actions or proceedings. *See Hilow v. Rome City Sch. Dist.*, 1994 WL 328625, at *9 (N.D.N.Y.1994); *Rutigliano*, 176 A.D.2d at 866, 575 N.Y.S.2d at 340.

Here, the Plaintiff filed the instant request to serve a late notice of claim on June 15, 2004. Viewing the facts in the light most favorable to the Plaintiff, it appears that her cause of action arose as late as September 2002 and December 2002 for the age discrimination claims and June 2003 for the retaliation claim. The only claim that arose less than one year before the Plaintiff filed the instant motion was her claim of retaliation. As such, the Plaintiff's application to serve a late notice of claim is untimely with regard to her New York State cause of action for age discrimination and the Court may only consider whether to permit the Plaintiff to serve a late notice of claim regarding her claim of retaliation.

▪ In deciding whether to grant leave to serve a late notice of claim, a court must consider: (1) whether the plaintiff has demonstrated a reasonable excuse for her failure to serve a timely notice of claim; (2) whether the school district acquired actual knowledge of the essential facts of the claim within 90 days or a reasonable time thereafter; (3) whether the petitioner was an infant, or was mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits. N.Y. Educ Law § 3813(2–b); *see also John Doe v. Goshen Cent. Sch. Dist.*, 2004 N.Y. Slip Op. 09501 at 1, 787 N.Y.S.2d 75 (2d Dep't 2004); *Riordan v. East Rochester Schools*, 291 A.D.2d 922,

923, 737 N.Y.S.2d 202, 203 (4th Dept.2002); *Lopez v. Hicksville Pub. Sch. Dist.*, 289 A.D.2d 381, 381, 734 N.Y.S.2d 878, 878 (2d Dep't 2001). The determination as to whether to grant an application for leave to serve a late notice of claim is entrusted to the sound discretion of the court. *Goshen Cent. Sch. Dist.*, 787 N.Y.S.2d 75.

▪ While no one factor is dispositive, "[k]nowledge of the facts constituting the claim is the factor that 'should be accorded great weight'" *Riordan*, 291 A.D.2d at 923, 737 N.Y.S.2d at 203(quoting *Kalenda v. Buffalo Mun. Hous. Auth.*, 203 A.D.2d 937, 611 N.Y.S.2d 386 (4th Dep't 1994)). A paper that is not a formal notice of claim may provide the district with sufficient knowledge if it provides the essential facts of the nature of the claim, the time when, the place where, and the manner in which the claim arose. *Kushner v. Valenti*, 285 F.Supp.2d 314, 316 (E.D.N.Y.2003) (holding that an EEOC Notice was sufficient to notify the district of a claim); *Mennella v. Uniondale Union Free Sch. Dist.*, 287 A.D.2d 636, 636–37, 732 N.Y.S.2d 40, 41–42 (2d Dep't 2001) (concluding that a petition to the Commissioner of Education constituted the functional equivalent of a notice of claim); *see also Parochial Bus Sys.*, 60 N.Y.2d at 547, 470 N.Y.S.2d 564, 458 N.E.2d 1241; *Hygrade Insulators v. Bd. of Educ., Middle Country Cent. Sch. Dist.*, 207 A.D.2d 430, 431, 615 N.Y.S.2d 744 (2d Dep't 1994).

Here, it is clear that the District was adequately apprised of the essential elements of the Plaintiff's retaliation claim within a reasonable time. The Plaintiff was terminated at the end of the 2003 school year. On July 31, 2003, counsel for the Plaintiff wrote to the Superintendent of the District concerning her allegations. On August 7, 2003, counsel for the District responded to the Plaintiff's regarding her allegations. On or about September 3,

2003, the Defendant was served with the Plaintiff's EEOC claim. Moreover, as indicated in a letter dated October 22, 2003, the District was notified about Bucalo's pending EEOC claim and responded to the EEOC with detailed information about her allegations in an effort to resolve the claim. Given the fact that the District knew about the Plaintiff's retaliation claim shortly after the Plaintiff was terminated, the Court finds that the District's defense of the claim on the merits would not be prejudiced by allowing the Plaintiff to serve a late notice of claim as to her retaliation claim.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion for leave to present a formal notice of claim to the Defendant is **GRANTED** in part and **DENIED** in part, in that the motion is denied as to the Plaintiff's N.Y. Human Rights Law discrimination cause of action and granted as to the Plaintiff's N.Y. Human Rights Law retaliation cause of action; and it is further

**ORDERED**, that the Plaintiff may present the Defendant with a formal late notice of claim as to her retaliation claim within 10 days of the date of this Order.

**SO ORDERED.**