■ In the Matter of JENNIFER AMOROSI, Respondent, v SOUTH COLONIE INDEPENDENT CENTRAL SCHOOL DISTRICT et al., Appellants. [825 NYS2d 561]—

Lahtinen, J. Appeal from an order of the Supreme Court (Stein, J.), entered January 11, 2006 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner commenced this proceeding in September 2005 seeking leave to serve a late notice of claim (*see* Education Law § 3813 [1]) for alleged discrimination under Executive Law § 296 which occurred no later than January 2004. Supreme Court granted petitioner's application, prompting this appeal by respondents, and we now reverse.

Since Supreme Court had no discretion to extend the time in which to serve the notice of claim beyond the time limit for commencement of the action (*see Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist.*, 9 AD3d 696, 697-698 [2004], *lv dismissed* 3 NY3d 767 [2004]; *Matter of Stevens v Board of Educ. of McGraw Cent. School Dist.*, 261 AD2d 698, 699 [1999], *lv denied* 93 NY2d 816 [1999]), the question on appeal is whether the one-year statute of limitations set forth in Education Law § 3813 (2-b) is applicable to this discrimination claim which is normally governed by a three-year limitation period (*see* CPLR 214 [2]). Education Law § 3813 (2-b) states in relevant part: "Except as provided in subdivision two of this section and, notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, *no action or special proceeding shall be commenced*

*against any entity specified in subdivision one of this section more than one year after the cause of action arose"* (emphasis added). We read the statute as applying to all actions, including Executive Law § 296 discrimination claims. Supreme Court's conclusion that the three-year statute of limitations was applicable and, consequently, it had the discretion to grant petitioner's application for leave to serve a late notice of claim was supported by two decisions from the Second Department (*see Lane-Weber v Plainedge Union Free School Dist.*, 213 AD2d 515, 516 [1995], *lv dismissed* 87 NY2d 968 [1996]; *Stoetzel v Wappingers Cent. School Dist.*, 166 AD2d 643, 643 [1990]), since this Department has not previously ruled on this issue. However, we reject the Second Department case authority in favor of the clear language of the statute (*see Ximines v George Wingate High School*, 2006 WL 2086483, 2006 US Dist LEXIS 50756 [ED NY July 25, 2006]; *Bucalo v East Hampton Union Free School Dist.*, 351 F Supp 2d 33, 35-36 [ED NY 2005]), and accordingly reverse the order of Supreme Court and deny petitioner's application for leave to serve a late notice of claim since petitioner commenced this proceeding more than one year after her cause of action arose (*see Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist., supra* at 698). The remaining issues are academic.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.